### 1835.  LYONS *v.* CITY OF ATLANTA.

The defendant was properly and legally convicted of a violation of the municipal ordinance of the City of Atlanta against keeping liquor on hand for the purpose of illegal sale; and the judge of the superior court did not err in overruling the certiorari,

Certiorari, from Fulton superior court—Judge Pendleton. April 7, 1909.

Argued May 4,—Decided May 18, 1909.

*Lamar Hill, Burton Cloud,* for plaintiff in error.

*William P. Hill, James L. Mayson,* contra.

POWELL, J. Mike Lyons had an upstairs bedroom on Broad street in the city of Atlanta; and he was accused and convicted in the recorder's court of the city of Atlanta for keeping intoxicating liquor on hand in that room for the purpose of unlawful sale. A witness swore that he met Lyons in a pool-room, and, hearing some one ask him what sort of whisky he had, he also asked him if he could get some whisky from him. Lyons took the witness to his bedroom, and sold him rye whisky. The witness lay down on a bed in the room, and, while he was there, several other persons came in and bought liquor from Lyons. The police raided the place and found a large quantity of whisky under the bed, in a trunk, in bureau drawers, etc. After having been convicted in the recorder's court, Lyons took the case, by certiorari, to the superior court. Upon the hearing there, the judge overruled the certiorari; and he excepts.

The plaintiff in error presents the point that by converting his bedroom into a blind tiger and by allowing a large number of persons to come there indiscriminately and get liquor, he made it a place of business and a public place, and that the only offenses committed by him were violations of the State law. The facts in the record present no such point. It is true that in the case of *Bashinski* v. *State,* 5 *Ga. App.* 3 (62 S. E. 577), this court held: "If a person should make a common practice of selling liquor illegally at a fixed place, that place would thereby become his place of business; but a single sale of liquor, or even sporadic sales, will not ipso facto convert the place where the sale occurs into the seller's 'place of business,' in accordance with the meaning of that phrase as found in the prohibition act of 1907." We also held in *Tooke* v. *State,* 4 *Ga. App.* 497 (61 S. E. 917), that a person might convert even his private residence into a public place, by allowing the public to come there indiscriminately to buy or drink liquor. Therefore it may be true that Lyons had succeeded in converting his bedroom into either a public place or a place of business. But if we concede all this and should

further concede that the municipal offense of keeping liquor on hand for illegal sale can not be committed in a place of business or a public place (and we in no wise concede this; see *Callaway* v. *Mims, 5 Ga. App.* 9 (62 S. E. 654); *Athens* v. *Atlanta,* ante, 244 (64 S. E. 711)), yet the concession would not help the defendant's case, even though he converted the private place into a public place or place of business, by bringing liquor there to sell and thereby attracting a crowd to whom he sold it; for his crime was complete when he brought the liquor into the private place for unlawful sale, and his subsequent continuation and augmentation of the nuisance, and his consequent conversion of the private place into a public place, so that he also violated the State law, did not wipe out his already complete guilt under the municipal law. "An offense committed against one jurisdiction can not be wiped out by committing another against another jurisdiction." Per Bleckley, C. J., in *Menken* v. *Atlanta, 78 Ga.* 672 (2 S. E. 561).

*Judgment affirmed.*