## 4064.　SMITH *v.* THE STATE.

1. The right to claim exemption from jury service, allowed to a minister of the gospel, is a privilege, and affords no ground for challenge. Penal Code (1910), § 871.

2. Nor is it ground for challenge, after a jury has been selected in a misdemeanor case, that one of the jurors whose name appears on the list was absent from the court-room while the jury was being selected, and the accused was unable to view the juror before selecting the jury. In a misdemeanor case the practice of striking a jury from a list is the legal equivalent of challenging. *O'Byrne* v. *State,* 29 *Ga.* 36.

3. To an accusation charging the keeping of intoxicating liquor at a place of business it is no defense that such liquor has not been sold by the accused, and evidence tending to negative the sale is irrelevant; especially so when it is not denied that the liquor was kept at the place claimed by the State to be the place of business of the accused.

4. The accused having put his character in issue, evidence that he had been convicted of the offense of riot was admissible, and the record of his conviction was not inadmissible either because there was no affirmative proof of the identity with the accused of the person convicted (the

name being the same), or upon the ground that the prosecutor, and not the solicitor of the city court, had signed the accusation.

5. Evidence was relevant that a room in which intoxicating liquor was found, and which was maintained by the accused, was under the same roof with another room, in which the accused conducted a grocery business; and this evidence, in connection with other facts proved, authorized the conviction.

6. Even if the judge has the power to permit the jury in a criminal case to leave the court-room and view the place where the crime is alleged to have been committed, his refusal to do so is not a matter for review by this court. *Johnson* v. *Winship Machine Co.*, 108 *Ga.* 554 (33 S. E. 1013); *County of Bibb* v. *Reese*, 115 *Ga.* 346 (41 S. E. 636).

7. The trial judge may, in order to elicit the truth, propound to a witness a leading question, provided in so doing he does not violate the provisions of § 1058 of the Penal Code of 1910, forbidding the judge to express or intimate any opinion as to what has or has not been proved. The questions propounded by the judge in the present case were not objectionable.

8. It being undisputed that intoxicating liquor was found at the defendant's place of business, it was not prejudicial error to admit evidence that at the same time and place several dozen bottles of beer of the kind generally sold in "near beer" saloons were also found, even though it was not shown that the beer was intoxicating.

9. This court reaffirms the ruling in *Jenkins* v. *State*, 4 *Ga. App.* 859 (62 S. E. 574), that "the phrase 'at their place of business,' appearing in the general prohibition statute of 1907, includes in its meaning the immediate room or place in which the business in question is conducted, also any near-by room or place used by the proprietor in connection with the business or in such a relation to the actual place of business as to indicate that the near-by room, compartment, etc., is a convenient place which the proprietor would probably use for keeping therein such liquors as he might desire to furnish to others for the purpose of inducing trade, or for keeping therein liquors intended for unlawful sale under cover of the business carried on in the main place." It was not error to instruct the jury in the language above quoted.

10. The following instruction was not one of which the accused can justly complain: "If you find that the place out there was so nearly connected with the business of the defendant as to convince you that it was used in conjunction with the business, then that would be such 'a place of business' as contemplated by the law; if it is not so shown, then it would not be."

11. The case not being one dependent solely upon circumstantial evidence, it was not erroneous, in the absence of a timely written request, to fail to charge the rules of law relating to this character of evidence.

12. No error of law was committed, and the evidence fully supports the verdict.

DECIDED APRIL 16, 1912.

Misdemeanor; from city court of Brunswick—Judge Krauss. December 16, 1911.

*F. H. Harris,* for plaintiff in error. *Ernest Dart, solicitor,* contra.

POTTLE, J. The accused was convicted of having and keeping on hand intoxicating liquors at his place of business, and excepts to the overruling of his motion for a new trial. The chief contention of counsel for the plaintiff in error is that the evidence demanded a verdict of not guilty. Taking the evidence most strongly for the State, as it must be taken in this court, the facts were as follows: The accused was in possession of four rooms, all under one roof and referred to in the evidence as rooms A, B, C, and D. A was a front room, in which the accused conducted a grocery business. In the rear of A was a door leading into B. C was entered by means of a door from B, and another door connected C with D, which was a small room, about four and a half by eight feet. A restaurant had been conducted by the accused in one of the rear rooms of these apartments, but was not in operation when the arrest was made, though a cook-stove, a little table, and some chairs were in the room. Several dozen bottles of "Magnolia beer" were found in an ice-box in room C, and in D were found fifteen bottles of rye whisky, six bottles of corn, and one of gin. Some of the whisky was in a satchel, and some between the mattress and springs of a cot. The mattress was old and dirty, and there were no sheets, pillows, or bedding of any sort. The accused resided across the block from his store. He admitted ownership of the liquor, but claimed that he bought it for a personal use, and that he did not keep it at his place of business, but kept it in a room used by him as a place to sleep, and where he did sleep occasionally, so as to be near his business.

We can not agree with counsel for the accused that the conviction was not authorized. Manifestly rooms B, C, and D were convenient adjuncts to room A, wherein the grocery business was being conducted. Certainly the place was not his residence, for he lived elsewhere. It is immaterial that the beer may not have been shown to be intoxicating. There was too much liquor that would produce drunkenness; the circumstances were too suspicious; the cot and dirty mattress were but a flimsy pretext; the stove, chairs, and table all indicate that the rooms B and C and D were maintained as a part of the establishment, and as a convenient place in which to keep intoxicating liquors for unlawful use.

In this connection we reaffirm the decision in *Jenkins* v. *State,* 4 *Ga. App.* 859 (62 S. E. 574), which is controlling here. See, also, *Bashinski* v. *State,* 5 *Ga. App.* 3 (62 S. E. 577). The judge properly gave in charge the excerpt from the *Jenkins* case, quoted in the 9th headnote of this decision. It is not so much the kind of place as the use to which it is put that determines whether it is a "place of business" within the meaning of the prohibition law. *Lyons* v. *State,* 6 *Ga. App.* 248 (64 S. E. 713). No definite rule can be laid down as applicable to all cases, but the safe course is not to have "in" or "at" or "near" or "around" one's place of business intoxicating liquors of any description. This court is not disposed to indulge in refinements of logic or subtleties of definition, to aid in evasion of the prohibition law. One charged with a violation of this act, like every other person charged with crime, is entitled to a fair and impartial trial, and it is the bounden duty of the trial court and this court to see that he gets it. But the declared policy of the State, as announced in the statute, should meet with the vigorous and hearty co-operation of the judicial department. With the wisdom of the law we have, as judges, no concern. Rigid enforcement of the law is in accord with the settled policy of the State, and this court will lend its aid by giving such an interpretation to the act as will effectuate its declared purpose.

The conviction in this case was fully authorized. There are numerous assignments of error. Such of them as require special notice are dealt with in the headnotes, which do not need elaboration. The case was not one in which the court was bound to charge without request the rules of law relating to circumstantial evidence, even if the conviction can be properly said to rest even in part upon this character of evidence. *Harvey* v. *State,* 8 *Ga. App.* 660 (70 S. E. 141). The trial was free from prejudicial error.

*Judgment affirmed.*