51515, 51516. DEESE v. THE STATE (two cases.)

STOLZ, Judge.

1. The defendants' convictions of burglary were authorized by evidence that they were found at the scene of a burglarized service station at 2 a.m. with two stolen tires and a stolen case of oil from the station in their possession, and that one of them fled the scene of the burglary when the police officer approached.

2. Where the defendants' testimony was that they were driving *south* on Howell Mill Road *toward I-75* and stopped at the first gas station with lights on to get air in their tire, and where defense counsel elicited testimony that the service station burglarized would be the first service station one would reach by *exiting* I-75 onto Howell Mill Road (north-bound), the trial judge neither expressed an opinion nor commented on the evidence to the defendant's prejudice by eliciting from the witness that he had not, in answering counsel's question, considered the Mark Inn (located about 40 feet from the burglarized service station and toward I-75), which had merely self-service gas pumps, to be a "service station."

"The trial judge may, in order to elicit the truth, propound to a witness a leading question, provided in so doing he does not violate the provisions of [Code § 81-1104], forbidding the judge to express or intimate any opinion as to what has or has not been proved." *Smith v. State,* 11 Ga. App. 89 (7) (74 SE 711). The record clearly shows that the judge was attempting to have the witness clarify whether he had taken into account the fact that a

motel beside the service station also contained gas pumps. His questions did not interfere with the defense that the defendants had stopped at the first lighted service station heading *toward* the interstate. Moreover, defense counsel herself injected the theory of the defendants' driving *away from* the interstate, and elicited testimony supportive of such theory.

3. The appellants contend, for the first time on this appeal, that the trial judge erred in failing to charge, without request, on criminal trespass.

Where the intent to steal is proved, the crime of criminal trespass (Code Ann. § 26-1503 (b) (1)) merges with or is included within the crime of burglary (Code Ann. § 26-1601). *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518) and cits. *Williamson,* supra, points out that "[t]he jury is entitled to believe a part of the testimony of a witness and disbelieve other parts" and that it is error to fail to charge on the lesser included crime of trespass when the jury might have believed the defendant(s) entered for an unlawful purpose other than commission of a felony or theft. In the case sub judice, however, the evidence showed only that the defendants entered either for the unlawful purpose of committing theft (which we have held the jury was authorized to find) or as the defendants testified, they denied entering the building and said they entered the premises only for the *lawful* purpose of getting air for their tire. With only those two possibilities raised by the evidence, there was nothing to authorize an instruction on a lesser offense.

*Judgments affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED FEBRUARY 3, 1976.

*Louise T. Hornsby,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.