72222. CANNON v. THE STATE.
(345 SE2d 623)

BANKE, Chief Judge.

James Lamar Cannon filed this out-of-time appeal from his convictions of rape, kidnapping, and two counts of aggravated sodomy. The appeal was authorized pursuant to an order entered by the trial court following a prior decision of this court in the case. See *Cannon v. State,* 175 Ga. App. 741 (334 SE2d 342) (1985). *Held:*

1. The appellant contends that certain testimony offered by a court-appointed psychologist violated his Fifth Amendment rights.

Several months prior to trial, the court had ordered a psychiatric evaluation of the appellant, at his request, but the evaluation had not been conducted by the time of the trial. Accordingly, at the commencement of the trial the court again ordered such an examination, which was conducted by the clinical psychologist in question.

The appellant's primary defense was insanity, which he sought to establish through the testimony of another psychologist and several lay witnesses. After both the state and the appellant had concluded their evidentiary presentations, the psychologist who had conducted the court-ordered evaluation was called as a witness by the court. Over the appellant's objection, this witness merely stated his opinion on the issue of the appellant's sanity, without relating any statements made to him by the appellant. It follows that the testimony did not violate the appellant's Fifth Amendment right against self-incrimina-

tion. Indeed, even had the witness related the statements made to him by the accused which had formed the basis of his opinion, the appellant's Fifth Amendment rights would still not have been violated. See *Presnell v. State*, 241 Ga. 49, 58 (243 SE2d 496) (1978).

2. The appellant contends that the trial court made certain improper comments which should have resulted either in the declaration of a mistrial or the giving of curative instructions to the jury.

The psychologist called by the appellant testified that the appellant was a paranoid schizophrenic who sometimes operated under delusions and who could have been under the delusion that the victim had consented to his sexual advances. When asked by appellant's counsel what might protect the appellant's mental condition from further "decompensation," the witness responded that the ideal setting would be confinement in a place "like" a prison for several years, but under the care of a team of mental health professionals, i.e., a "semi-prison and a semi-psychiatric hospital." The trial court then interjected the following question: "And we don't have such, do we, Doctor?" to which the witness responded, "No."

The trial court may address a leading question to a witness in order to elicit the truth or clarify an issue, provided that he does not violate the statutory prohibition set forth in OCGA § 17-8-57 (formerly OCGA § 17-8-55) against expressions or intimations of opinion as to what has or has not been proved or as to the guilt of the accused. See *Smith v. State*, 11 Ga. App. 89 (7) (74 SE 711) (1912). See also *Deese v. State*, 137 Ga. App. 476 (2) (224 SE2d 124) (1976). The question propounded by the trial court in the present case clearly did not constitute the expression or intimation of such an opinion. Accord *Thurman v. State*, 172 Ga. App. 16 (2) (321 SE2d 780) (1984); *Almond v. State*, 128 Ga. App. 758 (1) (197 SE2d 836) (1973). It follows that this enumeration of error is without merit.

3. The appellant contends that the trial court erred in charging the jury that there was a presumption of sanity and that he (the appellant) had the burden of proving his insanity by a preponderance of the evidence. This enumeration of error is without merit. See *Spivey v. State*, 253 Ga. 187 (2), 189 (319 SE2d 420) (1984). See also OCGA § 16-2-3; *Strozier v. State*, 254 Ga. 712 (1) (334 SE2d 181) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1986 —
REHEARING DENIED MAY 21, 1986.

*William H. Newton III*, for appellant.
*Steven Lanier, District Attorney, Deborah Haygood, Assistant*

*District Attorney*, for appellee.