## 75319. ODOM v. THE STATE.
(364 SE2d 626)

CARLEY, Judge.

Appellant was tried before a jury on an accusation charging him with driving under the influence of alcohol in violation of OCGA § 40-6-391. The jury returned a verdict of guilty. Appellant appeals from the judgment of conviction and sentence entered on the jury's guilty verdict.

1. Several of appellant's enumerations relate to the trial court's admission into evidence of the results of a State-administered test to determine appellant's blood alcohol level. The facts, insofar as they are relevant to this issue, are as follows: Appellant was stopped when police officers observed him driving in an erratic manner. The arresting officers testified that, at the time of the stop, appellant smelled of alcohol, exhibited slurred speech, and had difficulty standing. When the results of a field sobriety test proved positive for alcohol, appellant was placed under arrest. It is uncontested that, at the time of his arrest, appellant was informed of his rights under our "Implied Consent Statute" and that the officer requested that appellant submit to a State-administered chemical analysis of his breath. Appellant did not refuse to submit to the State-administered test, but did state that he wanted to exercise his right to an independent blood test. The officer then requested that appellant submit to a State-administered test of his blood. Again, appellant did not refuse. Appellant was then taken to the police station where an unsuccessful attempt was made to administer an intoximetric examination of his breath. The failure of this test to yield any result was a direct consequence of appellant's inability or refusal to provide a breath sample. Appellant was then taken to a local hospital where a nurse drew separate blood samples for the State and appellant. The State's sample was tested at the State Crime Laboratory and was determined to contain .23 percent alcohol by weight.

Appellant contends that the results of the State-administered blood test were inadmissible because there was a failure of proof with regard to his consent to that test. However, the State did not have to show appellant's consent. The State had only to show that, after being advised of his rights pursuant to OCGA § 40-6-392, appellant did not refuse to submit to the State-administered test. "In Georgia, the [S]tate may constitutionally take a blood sample from a defendant without his consent. [Cit.] Our 'Implied Consent Statute' (OCGA § 40-5-55) thus grants a suspect an opportunity, not afforded him by our constitution, to refuse to take a blood-alcohol test." *Allen v. State*, 254 Ga. 433, 434 (1a) (330 SE2d 588) (1985). It is undisputed that, after being informed of his rights, appellant did not revoke his implied consent to submission to a State-administered test because

he did not refuse the arresting officer's request for such and, in fact, the evidence clearly shows that appellant also elected to exercise his right to undergo independent testing. The evidence shows that, after being advised of his rights under our Implied Consent Statute, appellant did not refuse to submit to the "test or tests [which were] administered at the request of a law enforcement officer having reasonable grounds to believe that [appellant had] been driving or was in actual physical control of a motor vehicle . . . in violation of Code Section 40-6-391. . . ." OCGA § 40-5-55 (a). Evidence of the result of the State-administered test was correctly allowed into evidence.

2. Appellant enumerates the general grounds. Having reviewed the entire record, we find that any rational trior of fact could reasonably have found from the evidence that was produced by the State proof of appellant's guilt, beyond a reasonable doubt, of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant's remaining enumerations have been considered but found to be without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 6, 1988.

*John H. Calhoun, Jr.*, for appellant.
*David B. Pittman, Solicitor*, for appellee.