## 75546. BUCKNER v. THE STATE.
### (367 SE2d 277)

BEASLEY, Judge.

Buckner appeals his convictions and sentences for two counts of cruelty to children, OCGA § 16-5-70. The sole enumeration is that his federal and state constitutional rights to trial by a fair and impartial jury were abridged because on the morning of the closing arguments through verdict, the local newspaper published a story which contained statements, indicative of the court's opinion as to guilt, made in ruling on defendant's motion for a directed verdict of acquittal out of the jury's presence.

It is true that the trial judge is prohibited from expressing or intimating an opinion to the jury as to matters proved or as to the guilt of the accused. OCGA § 17-8-57. Appellant claims that the possibility some of the jurors read the publication of the court's comments constituted circumstances inherently prejudicial. However, such conjecture fails to import fact. He failed to show that any member of the deliberative body read or was even aware of the article. Without such, it is patent that the jury could not have been influenced by the judge's statement. See *Chambers v. State*, 250 Ga. 856, 861 (6) (302 SE2d 86) (1983); *Brooks v. State*, 244 Ga. 574, 577 (1) (261 SE2d 379) (1979), vacated and remanded on other grounds 446 U. S. 961 (100 SC 2937, 64 LE2d 821) (1980). See also the principles quoted in *Merrill v. State*, 130 Ga. App. 745, 747 (1) (204 SE2d 632) (1974). Moreover, countervailing his contention is that at the close of evidence and

prior to recess the day before, the court cautioned the jury not to read anything concerning the case nor listen to any reports of any sort from any source concerning the case, whether by radio, television or otherwise. A reversal is not warranted by an amorphous supposition which is reducible to fact by evidence, if it is indeed such.

No copy of the subject article appears in the record. Appellant submits a copy as part of his appellate brief, but "this court's decisions 'must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel,' . . ." *Wilson v. State*, 151 Ga. App. 501, 502 (4) (260 SE2d 527) (1979). See also *Harris v. State*, 173 Ga. App. 787, 789 (3) (328 SE2d 370) (1985).

Nor was the question ever raised below. Appellant claims that his counsel only learned of the existence of the article later on the day of the verdict, after dismissal of the jury, so had no opportunity to instigate an inquiry. However, the sequence of events would not have prevented raising the matter in a motion for new trial, so the requirement that the issue be presented to the trial court and ruled on cannot be overlooked. "[I]t is well settled that this court will not consider questions raised for the first time on review. [Cit.]" *West v. State*, 178 Ga. App. 275 (2) (342 SE2d 756) (1986).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 15, 1988.

*Keith F. Allen*, for appellant.
*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.