## 75832. SMITH v. THE STATE.
(370 SE2d 185)

SOGNIER, Judge.

Appellant was convicted of driving with a suspended license and he appeals.

1. Appellant alleges error by admitting into evidence State Exhibits 1 and 2, over objection, because the exhibits were not certified or authenticated. Both exhibits were notices of suspension issued by the Department of Public Safety, and were certified by J. Howell, who had been designated by the commissioner as an official custodian of safety records for the Department of Public Safety. Appellant acknowledged that he received and signed for the notices, but argues the documents were inadmissible because the custodian of records was not present to testify that the exhibits were authentic. This enumeration of error is without merit.

OCGA § 40-5-2 (e) provides: "The commissioner shall designate members of the department to be the official custodians of the records of the department. The custodians may certify copies or compilations, including extracts thereof, of the records of the department. When so certified, such records shall be admissible as evidence in any civil or criminal proceeding as proof of the contents thereof." The exhibits in this case were certified by a member of the department designated as the official custodian by the commissioner. This clearly complies with OCGA § 40-5-2 (e) as to admissibility. *Cook v. State*, 180 Ga. App. 877, 879 (3) (350 SE2d 847) (1986).

2. Appellant contends the trial court erred by denying his motion for mistrial after appellant's character had been improperly placed into evidence by Officer Harold Manning, a State witness. Manning was asked on direct examination how he knew the status of appellant's driver's license on May 30, 1984, the date of the offense. He replied that he had stopped and cited appellant many times. Appellant's motion for mistrial on the ground that the answer improperly placed his character in issue was denied, and the court instructed the jury to disregard Manning's answer. Appellant did not object to the curative instruction or renew his motion for mistrial. When a motion for mistrial is not renewed after curative instructions by the court, the issue is not preserved for appeal. *Curtis v. State*, 182 Ga. App. 899, 901 (3) (357 SE2d 602) (1987).

3. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal. He argues again that State Exhibits 1 and 2 were not admissible, and thus, there was no proof of suspension. We have answered this argument adversely to appellant in Division 1. Appellant also argues that the testimony of the former Solicitor of the State Court of Coffee County established that his license was suspended erroneously, and thus, the suspension of his license

was void.

The State presented evidence that appellant's driver's license was suspended by the Department of Public Safety for appellant's failure to appear in court in response to citations for traffic violations other than a parking violation. The State also established that appellant received two notices of suspension, acknowledged by his signature on the return receipts for certified mail. Appellant was observed driving his truck on May 30, 1984, by Officer Manning, while appellant's license was still suspended. Thus, the State established a prima facie case as to the offense charged.

T. V. Williams, a defense witness, testified that he was Solicitor of the State Court of Coffee County at the time appellant received two citations for speeding, and that appellant's counsel had entered a plea of not guilty on appellant's behalf in response to those citations. Williams also testified that this procedure was common practice in the State Court, and for some unknown reason, the citations, marked "FAILURE TO RESPOND TO CITATION, APPEAR IN COURT, OR PAY FINE," were forwarded to the Department of Public Safety erroneously. Appellant argues that this testimony established that the suspension of his license was void, and he could not be convicted of driving with a suspended license. This argument is not well taken.

We note initially that the weight of the evidence and credibility of witnesses are questions for the jury. *Williams v. State*, 184 Ga. App. 68 (1) (360 SE2d 634) (1987). Further, the testimony of Williams was a collateral attack on the reasons underlying the suspension, which we do not find permissible for reasons stated hereafter. OCGA § 40-5-56 (a) requires the Department of Public Safety to suspend the driver's license of any person who has failed to respond to a citation to appear before a court of competent jurisdiction for a traffic violation other than a parking violation. The department is also required to notify such person that his license is to be suspended, subject to review. Subsection (b) of the same statute provides that a person so notified may request a hearing within ten days of receipt of notice sent by certified mail. If no hearing is requested within the ten days specified, the right to a hearing has been waived and the license of the driver shall be suspended. Finally, subsection (c) of the statute provides that the suspension shall be for an indefinite period, until such person shall respond and pay any fines or penalties imposed. Such person's license shall be reinstated upon proof of payment of the fine from the court of jurisdiction, and payment of a restoration fee of $25.

There is no evidence that appellant requested a hearing on suspension of his license after receipt of the notices of proposed suspension. Thus, he waived his right to a hearing to contest the suspension, and the reasons for the suspension set forth on State Exhibits 1 and 2

make the suspension valid on its face.

Although we have found no cases dealing with collateral attacks on violations underlying suspension of one's driver's license, this court has held in a habitual violator case that an attack on the validity of the underlying conviction is collateral, and is not permissible when the underlying conviction is not void on its face. *Love v. Hardison,* 166 Ga. App. 677 (1) (305 SE2d 420) (1983). We see no reason why the same rule should not apply to the facts of the instant case, particularly where an administrative procedure is provided for whereby a person may challenge the proposed suspension of his license. See generally *Smith v. State,* 248 Ga. 828, 831 (3) (286 SE2d 709) (1982), also a habitual violator case. On the date appellant was observed driving his license was, in fact, suspended, and this is the crucial date, not the date on which the status is challenged at trial. If the person is driving despite notification that his license has been suspended, he is flaunting the law even if the reasons underlying his suspension were erroneously forwarded to the Department of Public Safety. Cf. *State v. Tart,* 183 Ga. App. 737, 738 (359 SE2d 722) (1987). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal.

4. Appellant alleges error in the trial court's failure to reprimand the prosecuting attorney after his statement in closing argument that appellant's license was suspended for (speeding) violations, when in fact it was suspended for failure to appear in court. Appellant's objection to this statement was on the ground that it was outside the evidence, i.e., not based on evidence before the court. Appellant made no request that the trial court reprimand the prosecuting attorney for his remarks, and made no objection at trial to the fact that the court did not reprimand him. It is well settled that this court will not consider questions raised for the first time on review. *Tolbert v. State,* 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

5. Appellant contends the trial court erred by failing to instruct the jury on how licenses are suspended. He argues that his sole defense in this case was that the suspension was invalid, and the court's failure to charge on a substantial issue was error.

The administrative procedure followed by the Department of Public Safety in suspending appellant's driver's license had no bearing whatsoever on whether or not appellant was driving with a suspended license on May 30, 1984. Further, appellant made no request to charge on the procedure for suspending one's driver's license, and a trial court is not required to charge without written request as to any collateral matters. *Burger v. State,* 245 Ga. 458, 459 (1) (265 SE2d 796) (1980). Hence, there was no error.

6. Appellant contends the trial court's *Allen* charge (*Allen v. United States,* 164 U. S. 492 (17 SC 154, 41 LE 528)), was erroneous because it did not inform the jurors that they should not surrender

their honest opinion, as requested by appellant.

We note initially that appellant did not *request* such a charge; rather, he *excepted* to the court's failure to include such a statement, after the charge had been given and the jury had retired for further deliberations. The charge given by the court was taken almost verbatim from Suggested Pattern Jury Instructions, Volume 2, Criminal Cases, pages 198-199. Further, a charge in almost identical language has been approved by our Supreme Court. *Ponder v. State*, 229 Ga. 720-721 (2) (194 SE2d 78) (1972); *Spaulding v. State*, 232 Ga. 411, 413-414 (4) (207 SE2d 43) (1974). In *Knight v. State*, 243 Ga. 770, 775 (4) (257 SE2d 182) (1979), the court stated that "the precise charge given has been approved by this court and is not error." Accordingly, appellant's enumeration is without merit.

7. Appellant has presented no argument or citation of authority in connection with his enumeration of error relating to denial of his motion for a new trial. Hence, it is deemed abandoned pursuant to this Court's Rule 15 (c) (2).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 16, 1988 —
REHEARING DENIED JUNE 1, 1988 —

*Douglas W. Mitchell III*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.