A89A0424. BROWN v. THE STATE.
(381 SE2d 543)

DEEN, Presiding Judge.

Gerald E. Brown brings this appeal from his conviction of DUI.

1. The evidence showed that the police officer who stopped appellant after noticing his vehicle weaving in the road requested that the accused take some field sobriety tests and a breath test. He agreed to submit to an intoximeter test, and the officer testified that three attempts to give a breath sample failed because appellant was unable to blow hard enough into the machine. The Intoximeter 3000 machine produced a print-out after the third attempt which read "test refused."

Brown first contends that the court erred in permitting the police

officer to testify as to the results printed on the print-out and in not requiring it to be produced. The transcript reveals that appellant made no objection to this testimony when it was first given and only raised the issue of the results printed on the tape after the witness had been extensively cross-examined. "It is too late to urge objections to the admission of evidence after it has been admitted without objection." *Reynolds v. State*, 168 Ga. App. 555, 556 (309 SE2d 867) (1983); *Miller v. State*, 158 Ga. App. 21 (279 SE2d 289) (1981). An objection to the admission of the test results is waived when the defendant fails to object. *Ford v. State*, 256 Ga. 375 (349 SE2d 361) (1986). As no objection was ever raised in the court below to the witness' observation of appellant's attempts to give a breath sample, the issue will not be considered on appeal. *Buckner v. State*, 186 Ga. App. 376 (367 SE2d 277) (1988).

Appellant further argues that the results of the test should have been furnished to him pursuant to his pre-trial discovery motion. We disagree; there was nothing to discover under OCGA § 17-7-211. *Looney v. State*, 180 Ga. App. 693, 694 (350 SE2d 29) (1986). In *Looney* the operator testified from a checklist that there were no results; in the instant case the operator testified from memory as to her observations that the accused gave an insufficient sample for the machine to take a reading and that she observed it print out "test refused" after his third attempt. This print-out was furnished to the defendant with his traffic citation. We find no error.

2. The trial court did not err in failing to instruct the jury that they were authorized to find that the defendant had not refused the state-administered test because he had not made a request for such a charge. *Wallace v. State*, 188 Ga. App. 77 (371 SE2d 914) (1988).

3. As appellant withdrew his objection to the trial court's giving of the State's request to charge number 2 after the court offered to recharge the jury on that point, he has waived the issue on appeal in the same way as if he had responded negatively to the court's inquiry as to an objection to charge or had failed to raise such an objection when asked. See *Robinson v. State*, 176 Ga. App. 18 (335 SE2d 303) (1985).

4. The trial court did not err in failing to instruct the jury as to the weight to be given to expert testimony because no expert testified at trial. The police officer who testified did not qualify as an expert, but merely testified as to her training, her experience in administering certain tests, and her observations.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989 —
REHEARING DENIED APRIL 19, 1989.

*Richard G. Harwell, Sr., Curtis R. Richardson*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Debra J. Blum, N. Jackson Cotney, Jr., Assistant Solicitors*, for appellee.