A89A0227. BARKER v. THE STATE.
(382 SE2d 115)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of child molestation. *Held:*

1. Defendant was charged by separate indictments with the offense of child molestation involving different victims, defendant's 12-year-old stepdaughter and her 12-year-old female friend. Both offenses were alleged to have occurred on April 12, 1986. On that date defendant, a truck driver, drove from his house in Alabama to the place of business of a trucking company in Fayette County, Georgia, in order to pick up a load he was to drive to Seattle. Defendant was accompanied on this trip by his wife, 12-year-old stepdaughter, and by a 12-year-old female friend of his stepdaughter's. Upon arriving at the trucking company, the load defendant was to pick up was not there so the four waited in defendant's truck. At some point during this wait, defendant and his stepdaughter went to get sodas. As the two started back to defendant's truck, defendant stopped his stepdaughter, "and from the back he stuck his hands down [her] pants, and he was kissing [her] on the back of the neck. . . . He put his arm around [her] waist . . . [f]rom behind . . . [and] put [his hand] down [her] pants." After putting his hand down his stepdaughter's pants, defendant put his hand between her legs and "kind of rubbed a little." The stepdaughter pulled defendant's hand out and walked away.

Subsequently, the stepdaughter and her female friend needed to

go to the bathroom, but there was no bathroom, so they had to go behind another truck. During the course of doing this, the stepdaughter's friend wet a spot on her pants and would not go back in the truck. After the stepdaughter unsuccessfully attempted to get her friend to return to the truck, defendant came out and got her. Defendant told the stepdaughter's friend that it was okay, that everybody had accidents and started kissing her "more than once" on the lips in a way different from the way her mother and father kissed her. Defendant picked the stepdaughter's friend up and lifted her back into the passenger seat of the truck. At this time defendant's wife and stepdaughter were in the back of the truck cab in the sleeper. Defendant sat in the driver's seat and lay down, putting his head in the lap of the stepdaughter's friend, who was wearing blue jeans, and began rubbing with his left hand between her legs "[o]n the front of [her] private body." Defendant continued to rub there for a while and then left to make a telephone call.

Upon the trial of the two indictments, the jury acquitted defendant of the charge arising from his conduct toward the stepdaughter and found defendant guilty of the offense being appealed, arising from defendant's conduct toward the stepdaughter's friend. The transcript reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that defendant was guilty of the offense of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Thompson v. State*, 187 Ga. App. 563, 564 (370 SE2d 819).

2. Following the return of the jury's verdict, defendant requested that the jury be polled. Defendant contends the trial court erred in failing to either require further deliberation or discharging the jury when one juror, during the poll, stated that she had changed her mind regarding the verdict. However, a review of the transcript reveals that the juror was merely confused and after some colloquy with the court stated unequivocally that the verdict of guilty of child molestation was her verdict. We find no merit in defendant's contention that the juror was inadvertently coerced to acquiesce in the verdict.

Also, defendant failed to raise in the trial court by objection or motion, any issue in regard to this incident. An issue raised for the first time on appeal presents nothing for review. *Smith v. State*, 187 Ga. App. 322, 324 (4) (370 SE2d 185); *Buckner v. State*, 186 Ga. App. 376, 377 (367 SE2d 277).

3. Following the direct examination of defendant, the trial court posed the following questions to defendant. "THE COURT: You said you didn't touch [the stepdaughter's female friend] in any spot. Does that mean you didn't kiss her either? [DEFENDANT]: No, I didn't put my hands on her. THE COURT: You heard the child testify that you kissed her on the mouth in a way that her momma and daddy

don't kiss. What do you say about that? I don't think [defense counsel] asked you about that. [DEFENDANT]: I didn't — I didn't — I misunderstood it, I'm sorry. I didn't put my hands on her nowhere that, you know, you wouldn't put yours or I wouldn't put mine. THE COURT: Well, did you kiss her? [DEFENDANT]: I kissed her when I picked her up and told her that we loved her and she knew that." On the basis of this questioning by the trial court defendant moved for a mistrial, contending that the questions amounted to an expression of opinion as to what had been proved and intimated an opinion that defendant could be convicted for this conduct.

"The trial court may address a leading question to a witness in order to elicit the truth or clarify an issue, provided that he does not violate the statutory prohibition set forth in OCGA § 17-8-57 (formerly OCGA § 17-8-55) against expressions or intimations of opinion as to what has or has not been proved or as to the guilt of the accused. See *Smith v. State*, 11 Ga. App. 89 (7) (74 SE 711) (1912). See also *Deese v. State*, 137 Ga. App. 476 (2) (224 SE2d 124) (1976)." *Cannon v. State*, 179 Ga. App. 142, 143 (2) (345 SE2d 623).

The questions posed by the trial court in the case sub judice clearly did not constitute the expression or intimation of such an opinion. This enumeration is without merit.

4. Defendant contends the trial court erred in permitting a witness to testify in violation of the rule of sequestration after having heard nearly all of the testimony, without proper limiting instructions. However, defendant made no objection at trial to the calling of the witness or to the trial court's instruction on the effect of the non-sequestration. An issue raised for the first time on appeal presents nothing for review. *Smith v. State*, 187 Ga. App. 322, 324 (4), supra; *Buckner v. State*, 186 Ga. App. 376, 377, supra.

5. Defendant contends the trial court erred, after in camera inspection, in failing to require the state to produce to defendant's counsel written statements by the alleged victims which may have affected the credibility of such victims' testimony at trial. There was no showing by defendant that the State failed to provide exculpatory evidence contained in its files which would probably result in a different verdict. In the absence of such a showing, this enumeration presents nothing for review. *Davis v. State*, 172 Ga. App. 787, 788 (1) (324 SE2d 767); *Camp v. State*, 162 Ga. App. 857, 858 (5) (293 SE2d 389).

6. Defendant enumerates as error the denial of his motion for separate trials of the two separate indictments. "[A] defendant has a right to severance 'where the offenses are joined solely on the ground that they are of the same or similar character . . . "because of the great risk of prejudice from a joint disposition of unrelated charges." ' *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752); *Booker v. State*, 231 Ga. 598 (203 SE2d 194). However, where the joinder is based

upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' *Dingler*, supra; *Owens v. State*, 233 Ga. 905 (213 SE2d 860); *Wingfield v. State*, 231 Ga. 92, 98 (200 SE2d 708)." *Coats v. State*, 234 Ga. 659, 662 (4) (217 SE2d 260). The evidence shows that both of the charges against defendant were predicated upon acts, closely connected in time and place, which constituted parts of a single scheme or plan to satisfy the sexual desires of the defendant. The trial court did not err in denying defendant's motion for separate trials.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1989 —
REHEARING DENIED MAY 5, 1989 —

*Ballard, Slade & Ballard, Charles T. Ballard,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney,* for appellee.