A90A0814. FRANKLIN v. THE STATE.
(394 SE2d 621)

DEEN, Presiding Judge.

Bobby Lee Franklin was convicted of four counts of child molestation. The evidence showed that Franklin lived with his grandmother and an uncle. When the uncle's eight-year-old daughter came to visit him last summer, the child stayed in the grandmother's mobile home and frequently played with her eight-year-old cousin who lived nearby. During the child's most recent summer visit, the eighteen-year-old defendant was alleged to have kissed the little girls, fondled them, and attempted to have sexual intercourse with them, have them place their mouths on his penis, place his mouth on the vagina of one of the girls and place his finger in it. He threatened both girls with a pistol to prevent them from telling anyone about his activities. When the first child returned to her home in Macon, she reported the incidents to her other grandmother and was taken to the doctor. She also told a caseworker for the Department of Family and Children Services (DFCS) that Franklin's acts caused the other child to bleed, that she got her leg and pants bloody, and that the child asked her mother for a maxi pad. The second child told the DFCS caseworker that Franklin had fondled and kissed her, and she told the same story to a doctor who examined her. At trial the child denied that Franklin had done anything to her and stated that she had told those stories because she was scared, and that no one was forcing her to change her

story. She did, however, testify as to witnessing the defendant fondling and kissing the other child.

1. Franklin first complains of the failure of the trial judge to determine whether the DFCS caseworker had such learning and experience in her profession as to testify as an expert. The transcript shows that the State questioned her as to her background, training, and knowledge of child sexual abuse. At no time during her testimony was an objection raised by the defendant. Issues not raised in the lower court will not be considered for the first time on appeal. *Brown v. State*, 191 Ga. App. 357 (381 SE2d 543) (1989); *Barker v. State*, 191 Ga. App. 451 (382 SE2d 115) (1989).

2. Franklin claims that the judgment should be reversed as to those counts of the indictment pertaining to the molestation of the child who recanted her story at trial because the only evidence of molestation was inadmissible hearsay (the testimony of the DFCS's caseworker and the doctor's report, which stated that the child reported fondling of her "private areas" and "kissing").

As the doctor's letter was introduced into evidence without objection, we will not consider an objection to it which is raised for the first time on appeal for the same reasons set forth in Division 1, above. Under OCGA § 24-3-16, a statement made by a child under the age of 14 describing acts of sexual conduct is admissible by the person to whom the report is made if the child is available to testify at trial and if the court finds that the circumstances of the statement provide sufficient indicia of reliability. See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). The DFCS caseworker testified as to the child's statement to her and her own familiarity with the child molestation syndrome. She testified that one of the five phases of the syndrome was retraction, or denial, that the molestation had occurred. There was direct testimony by the first child that she witnessed the defendant molesting her cousin and that her cousin punched her in the eye for reporting it. The child's testimony at trial went to her credibility, and her prior inconsistent statement was admissible as direct evidence under OCGA § 24-3-16.

3. Franklin also asserts that the State failed to prove each element of the crime in that Count I of the indictment alleged that he committed criminal attempt to commit rape in that he "did attempt to penetrate the vagina of . . . forcibly and against her will," and there was no evidence of force shown. He argues that although the court gave the jury the option of finding him guilty of the lesser included offense of child molestation, the element of force must still be shown. He also asserts this same argument as to Count III, fondling the breasts and inserting his finger in this same child's vagina.

OCGA § 16-4-1 — Criminal attempt — requires only criminal intent and that some "substantial step" be taken toward the commis-

sion of the intended crime. We find no authority to support the position that the "substantial step" must be the use of force. (See *Wittschen v. State*, 189 Ga. App. 828 (377 SE2d 681) (1989), for the elements of attempt.) Franklin was not convicted of attempted rape, but rather the lesser included offense of child molestation. Under OCGA § 16-6-4, "[a] person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." The DFCS caseworker's testimony that the child described incidents of fondling her vagina was admissible for the reasons set forth in Division 2, above, and we find no fatal variance between the allegata and probata in the indictment. See *Roberson v. State*, 187 Ga. App. 485 (370 SE2d 661) (1988).

4. The trial court did not err in failing to give the defendant's second request to charge: "If the State desires to convict a defendant of attempted rape, even though the victim is under 14 years of age, it must prove the element of force by acts of force." The cases relied upon by the defendant are all forcible rape cases, and none refers to the term "attempted rape" in the discussions of force. This issue is also moot because appellant was found guilty of the lesser included offense, and force is not an element of child molestation. See Division 3, above.

*Judgment affirmed. Pope and Beasley, JJ., concur specially.*

Pope, Judge, concurring specially.

In regard to Division 4 of the opinion I agree that any error in denying the requested charge on attempted rape is moot because defendant was not found guilty of attempted rape. Moreover, I would note that the charge requested by defendant on attempted rape was a misstatement of the law and was therefore properly denied. Defendant was charged not with rape but with criminal attempt, for which it must only be shown that he had taken a "substantial step toward the commission of [rape]." OCGA § 16-4-1. Because force is simply one element of rape, I see no reason why the use of force must be shown to support a finding of attempted rape so long as the evidence shows defendant took some other "substantial step" toward committing rape.

In this case the indictment for attempted rape alleged, in particular, that defendant "did attempt to penetrate the vagina [of the minor child] forcibly and against her will." Thus, defendant could have requested a charge stating that in order to be found guilty as charged, the allegation of force must have been proven. However, the instruction requested did not appropriately address the specific allegations in the indictment but, instead, set forth a misstatement of the law.

I am authorized to state that Judge Beasley joins in this special concurrence.

DECIDED MAY 18, 1990.

*Neil A. Smith*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.