A90A0533. HIGHT v. THE STATE.
(394 SE2d 636)

SOGNIER, Judge.

Dennis Hight was indicted on two counts of aggravated child molestation, one count of incest, and four counts of aggravated sodomy. He was found guilty of all seven counts, and the trial court merged two counts of aggravated sodomy into the two counts of aggravated child molestation. Hight appeals.

1. Appellant contends the trial court erred by denying his motion for substitution of counsel. Appellant was represented by appointed counsel. The transcript reveals appellant requested another lawyer because he was "not satisfied" with his appointed counsel, telling the

trial court that "I decided he just wasn't for my benefit. He seems like he just is not as interested in my case as I want him to be."

"While an indigent defendant accused of a crime for which imprisonment is possible is entitled to have reasonably effective counsel provided to assist him, he is not entitled to counsel of his own choosing. [Cit.] A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addresses itself to the sound discretion of the trial court. [Cit.]" *Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607) (1987). In the two months appellant's appointed counsel represented him, counsel handled appellant's case, filed motions including a motion for a continuance in order to prepare for trial, which was granted, and took other appropriate action without objection by appellant. At the end of the trial appellant himself stated that his attorney "did all right." We find that the circumstances of the case sub judice did not require the trial court to exercise its discretion to appoint substitute counsel for appellant. See id.

2. Appellant contends the denial of his motion for severance of the offenses was error. In counts 1-5, appellant was charged with aggravated child molestation, aggravated sodomy, and incest as to the same victim, K. M. The evidence reveals that appellant had engaged in on-going sexual activities with his eleven-year-old stepdaughter, K. M., for several years. In one incident, testified to by K. M. and her half-sisters (appellant's daughters), A. H. and S. H., appellant ordered K. M. to show A. H. and S. H. how to perform oral sodomy which she did, and then all three victims were forced to commit an act of oral sodomy on appellant. This incident formed the basis for counts 4, 6, and 7, as to K. M., A. H. and S. H., respectively. A. H. and S. H. were also witnesses to the matters forming the basis of the charges against appellant as to K. M.

" '(A) defendant has a right to severance "where the offenses are joined solely on the ground that they are of the same or similar character . . . 'because of the great risk of prejudice from a joint disposition of unrelated charges.' " [Cits.] However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance "lies within the sound discretion of the trial judge since the facts in each case are likely to be unique." [Cits.]' [Cit.]" *Barker v. State*, 191 Ga. App. 451, 453-454 (6) (382 SE2d 115) (1989). We find no abuse of the trial court's discretion here in denying appellant's motion. Id.

3. OCGA § 16-1-7 (a) authorizes the State to prosecute an accused of all crimes committed. The record reveals that after the jury found appellant guilty of all seven charges, the trial court properly merged the two charges of aggravated sodomy in counts 4 and 5 into the convictions on counts 1 and 2 of aggravated child molestation. We

find no error in the proceedings and thus there is no merit in appellant's contention that he should have been allowed to elect and state a single offense.

4. Appellant's enumeration contending error in the trial court's failure to determine first that videotaped statements by the victims possessed "sufficient indicia of reliability" under OCGA § 24-3-16 before admitting the testimony and then subsequently finding the statements reliable is controlled adversely to appellant by *Reynolds v. State*, 257 Ga. 725-726 (2) (363 SE2d 249) (1988).

5. Appellant contends the trial court erred by allowing K. M. to testify that appellant asked her to touch the penises of two minors, B. E. and B. S. The transcript fails to support appellant's contention that such evidence was introduced as to B. E. As to B. S., the trial court admitted K. M.'s testimony that B. S. was present when appellant had K. M. commit an act of oral sodomy on appellant. Although the trial court's ruling regarding K. M.'s testimony as to what appellant asked her to do to B. S. was unclear, after the ruling the State did not question K. M. on any matter regarding B. S. except insofar as B. S. was a witness to the oral sodomy, and when the State completed its examination of K. M. the trial court instructed the jury that "with regard to the testimony of [K. M.] of any conduct in connection with a person named [B. S.] that that is not alleged in the indictment and is not a part of this trial or transaction and you should not consider it in your deliberations or in reaching a verdict, and you could not base a verdict on that testimony."

The transcript thus discloses that as to the alleged contact between K. M. and B. S., the trial court sustained appellant's objection and instructed the jury to ignore K. M.'s testimony on that matter. Accordingly, as to this issue, appellant has failed to carry his burden of showing error affirmatively by the record. See generally *Ragan v. Smith*, 188 Ga. App. 770, 772 (2) (374 SE2d 559) (1988).

Appellant also argues, however, that K. M.'s testimony that B. E. and B. S. were present during the act of oral sodomy between K. M. and appellant for which appellant was charged would also constitute evidence of separate and independent acts of child molestation against B. E. and B. S. under OCGA § 16-6-4 (a), acts for which appellant was not indicted, and thus this evidence was of "similar transactions" which impermissibly placed appellant's character in evidence in violation of OCGA § 24-9-20 (b). First, we note that while both B. E. and B. S. were apparently minors at the time of the incident, no evidence was adduced that either B. E. or B. S. was under the age of 14 at that time, a requirement to constitute a criminal act under OCGA § 16-6-4 (a). Second, " '[t]he general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime *wholly*

*independent from* that for which he is on trial . . . is irrelevant and inadmissible.' [Cits.]" (Emphasis supplied.) *Spurlin v. State*, 228 Ga. 2, 5 (183 SE2d 765) (1971). However, " '[a]cts and circumstances forming a part or continuation of the main transaction are admissible as res gestae.' [Cits.]" *Shouse v. State*, 231 Ga. 716, 719 (8) (203 SE2d 537) (1974). Thus, even assuming, arguendo, a criminal act was shown by this evidence, the presence of B. E. and B. S. at the scene during the commission of the crime for which appellant was on trial was an aspect of the charged criminal transaction, not a wholly independent criminal act. Admission of this testimony was not error. Id.

6. The record reveals that appellant raised no objection to testimony by Myra Stamey or to the State's failure to advise Donna Hight, appellant's wife, that she could only be compelled under OCGA § 24-9-23 (b) to give evidence against appellant on the specific acts for which he was charged. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. [Cit.]" *Fancher v. State*, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 24, 1990.

*Duffey & Duffey, Harl C. Duffey III*, for appellant.
*Darrell E. Wilson, District Attorney, Suzanne Hayes, Assistant District Attorney*, for appellee.