## A91A1378. WORLEY v. THE STATE.
(412 SE2d 845)

SOGNIER, Chief Judge.

Dale Worley, Jr. was convicted of three counts of receiving stolen property, one count of transacting business as a dealer in precious metals without first registering pursuant to OCGA §§ 43-37-2 (b), 43-37-6 (b) (Count IV), and one count of failing to maintain and make

permanent records as a dealer in precious metals, OCGA § 43-37-6 (a) (2) (Count V). He appeals.

1. We find no error in the trial court's denial of the motions to dismiss or to direct a verdict on Count IV made by counsel during jury deliberations. See *Bethay v. State*, 235 Ga. 371, 374-375 (219 SE2d 743) (1975). The transcript reveals that appellant admitted on cross-examination that he had never registered as a dealer in precious metals. Accordingly, it can hardly be said that the evidence demanded appellant's acquittal. OCGA § 17-9-1 (a).

2. Similarly, we find no error in the trial court's denial of appellant's motions on Count V given that the transcript establishes that appellant testified the only permanent record maintained in the course of his business was a checkbook, the entries to which he admitted did not comply with OCGA § 43-37-3.

3. Given appellant's admission that he had never registered as a dealer in precious metals, it is highly probable that any error in the trial court's failure to give appellant's requested charge based on OCGA § 43-37-2 (a) (1), (b) setting forth with whom such a dealer residing in a county must register, did not contribute to the verdict, and thus a reversal will not result. See generally *Sultenfuss v. State*, 185 Ga. App. 47, 51 (363 SE2d 337) (1987).

4. We find no error in the trial court's charges that if the jury found the allegations set forth in Counts IV and V were proven by the State beyond a reasonable doubt, it would be the jury's duty to find appellant guilty and to convict appellant. *Noggle v. State*, 256 Ga. 383, 385 (2) (349 SE2d 175) (1986).

5. A review of the charge given by the trial court reveals that the jury was fully and completely instructed on the law regarding theft by receiving stolen property, and that the principles of appellant's four requested charges were sufficiently covered thereby. Therefore, the trial court did not err by refusing to give appellant's charges in the language requested. *Sims v. State*, 197 Ga. App. 214, 218 (6) (398 SE2d 244) (1990).

6. Appellant contends the trial court erred by admitting testimony by Officer Darrel Burnett regarding a conversation between appellant's co-defendant and one of the parties selling stolen jewelry, which the officer overheard and unsuccessfully tape recorded. Appellant argues he never received a copy or transcript of the tape recorded conversation despite a continuing demand for all conversations appellant made, pursuant to OCGA § 17-7-210. However, even assuming appellant would have been entitled to a copy of a conversation in which he was not involved, the transcript reveals no objection was raised by appellant or his co-defendant to the introduction of Burnett's testimony. Accordingly, any error was waived. *Hight v. State*, 195 Ga. App. 727, 730 (6) (394 SE2d 636) (1990).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 22, 1991 —
RECONSIDERATION DENIED NOVEMBER 13, 1991.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Stephen D. Kelley,
John B. Johnson III, Assistant District Attorneys,* for appellee.