A93A0798. WADSWORTH v. THE STATE.

(433 SE2d 419)

POPE, Chief Judge.

Defendant appeals her conviction of driving under the influence of alcohol and of violating the duty of a driver upon striking a fixture. We affirm.

1. The evidence showed defendant drove her car off the road and struck two trees. After the accident she drove to the home of her estranged husband, who lived down the street from the accident site. The officer who arrested defendant at her husband's house did not observe her driving the car and defendant filed a motion to suppress all evidence arising out of her warrantless arrest because she argues the arrest was unlawful. "[W]e must hold pursuant to this court's holding in *Hall v. State*, 200 Ga. App. 585, 586-587 (1) (409 SE2d 221) (1991), that [the officer] had probable cause to effect a custodial arrest of [defendant] for driving under the influence of alcohol based on [the officer's] own observations of [defendant] at her home and his investigation at the accident scene." *State v. Fleming*, 202 Ga. App. 774, 775 (415 SE2d 513) (1992). Since evidence of defendant's intoxication would dissipate during the time it would have taken for the officer to obtain a warrant for her arrest, "the warrantless arrest was proper under OCGA § 17-4-20 (a), which provides in pertinent part that '(a)n arrest for a crime may be made by a law enforcement officer . . . without a warrant if . . . there is likely to be failure of justice for want of a judicial officer to issue a warrant.'" Id. at 776. The trial court did not err in denying defendant's motion to suppress.

2. Neither did the trial court err in denying defendant's motion in limine concerning the results of the breath test administered to defendant. Defendant challenged the admissibility of the test on the ground the State did not show she unequivocally consented to the test. The evidence shows defendant was properly informed of her

rights under the implied consent law. "[T]he State did not have to show [defendant's] consent. The State had only to show that, after being advised of [her] rights pursuant to OCGA § 40-6-392, [defendant] did not refuse to submit to the State-administered test." *Odom v. State*, 185 Ga. App. 496 (1) (364 SE2d 626) (1988). Since she took the test, she obviously did not refuse to submit to the test.

3. The trial court did not err in allowing the arresting officers to testify to their opinion concerning defendant's state of intoxication and whether she was rendered a less safe driver. First, defendant raised no objection to the testimony and an objection not raised at trial will not be considered on appeal. See *Brown v. State*, 191 Ga. App. 357 (1) (381 SE2d 543) (1989). Moreover, it is settled that an officer may testify to his opinion concerning defendant's state of intoxication and whether it was such as to render defendant a less safe driver if, as here, the testimony shows he had opportunity to observe and did observe the condition of defendant. See *Chance v. State*, 193 Ga. App. 242 (1) (387 SE2d 437) (1989).

4. We reject defendant's argument that the trial court erred in permitting the State to present evidence of a similar transaction and erred by not properly instructing the jury concerning the limited purposes for the admission of such evidence. The record shows that on the morning the trial began, the State filed its notice of intent to present evidence of a similar transaction occurring seven years earlier in which defendant had been arrested and charged with DUI but had not been prosecuted because defendant forfeited bond and the State had been unable to find the defendant to prosecute her. Defendant objected to the admission on the ground the two transactions were not similar and on the ground that the State had failed to give timely notice of its intent to present such evidence. The trial court ruled the State could present evidence concerning the previous transaction.

The record shows, however, that the State did not present the evidence in its case-in-chief. Instead, the State presented the testimony of the officer who arrested defendant for the previous charge of DUI to describe defendant's state of intoxication and behavior in order to impeach the testimony of defendant and other witnesses that she did not drink much and defendant's testimony that she had never consumed enough alcohol to cause her to show signs of intoxication. Thus, the testimony was not improperly admitted as evidence of a similar transaction and we find no merit in defendant's argument.

5. Even though defendant had not been convicted for the previous DUI offense, the trial court did not err in admitting evidence concerning the circumstances of that arrest and defendant's condition and behavior at the time of the arrest to impeach defendant's testimony concerning her previous experience with alcohol. See *Long v. State*, 185 Ga. App. 277 (363 SE2d 807) (1987).

6. Defendant argues the State committed reversible error in questioning the officer who arrested defendant for the previous DUI concerning the bond forfeiture for her arrest, the bench warrant issued in response to her failure to appear to respond to the charge, and the charge of obstruction of an officer with which she was charged in addition to DUI. First, we note that the officer's testimony concerning the bench warrant for defendant's arrest, which was issued after she failed to respond to the charges, was elicited by the defendant's attorney on cross-examination. Second, no objection was raised to the officer's testimony at trial and thus defendant has waived her right to raise the issue on appeal. See *Brown v. State*, 191 Ga. App. at 357 (1).

7. The trial court did not err in admitting into evidence an unredacted copy of the accusation filed against defendant in conjunction with her prior DUI arrest which also showed defendant was accused of the unrelated offense of obstruction of an officer. No objection was raised to the admission of this document and defendant made no request that the reference to the obstruction charge be redacted from the document.

8. Defendant was charged with violating the duty of a driver upon striking a fixture, as set forth in OCGA § 40-6-272. Since defendant's intent in leaving the scene of the accident was an element of this offense, the trial court's charge concerning the legal inference that a person of sound mind and discretion intends the natural and probable consequences of their intentional acts was relevant and proper. Moreover, defendant waived any objection to this charge by failing to raise it at trial.

9. Finally, we reject defendant's argument that it was reversible error for the State to introduce, during the arresting officer's testimony, certain statements made by the defendant because she was not provided with a copy of the statement in response to her pre-trial request. "Where an objection pursuant to OCGA § 17-7-210 is not made at the time the testimony was offered, the objection is waived. [Cits.]" *Johnson v. State*, 191 Ga. App. 845 (1) (383 SE2d 346) (1989).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 6, 1993.

*Lauren L. Becker*, for appellant.

*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Philip M. Goldstein, Assistant Solicitors*, for appellee.