A92A0165. BEASLEY v. THE STATE.
(419 SE2d 92)

SOGNIER, Chief Judge.

Willie Dee Beasley was indicted on charges of possession of cocaine with intent to distribute, possession of cocaine, and possession of less than one ounce of marijuana. The jury convicted Beasley of the cocaine and marijuana possession charges but was unable to agree on a verdict on the charge of possession of cocaine with intent to distribute. After the juries in two subsequent trials also failed to agree on a verdict on that charge, Beasley was discharged and acquitted on that count. He appeals from the conviction on the two possession charges.

1. The first issue in this appeal involves appellant's conviction on the possession of cocaine charge. Evidence was adduced at trial that early on the morning of February 26, 1991, Officer Chris Miller was patrolling in Albany in a marked police vehicle when he noticed appellant standing on a corner with several other men and holding a plastic bag. Miller testified the other men quickly dispersed as the police car approached and that he saw appellant drop the plastic bag and walk away. Miller retrieved the bag and because it contained a green leafy material Miller suspected was marijuana, he called to appellant to return. Appellant, who was ten feet from the officer and walking towards a cab stand, complied, provided the officer with iden-

tification as requested, and was arrested on a charge of possessing what expert testimony at trial established to be just under a third of an ounce of marijuana. Miller testified he later discovered inside the marijuana five items which were identified at trial as 1.7 grams (1/28th of an ounce) of crack cocaine. Appellant was then charged with possession of cocaine with intent to distribute.

The charge of possession of cocaine was based on events that occurred the day after appellant's arrest while he was still incarcerated. Testimony was adduced that it was the written policy of the Dougherty County Superior Court to request all persons charged with an offense itemized in OCGA § 17-6-1 (a) to submit to testing of the individual's urine to detect the presence of illegal drugs, as part of the superior court's consideration of the arrestee's application for bond, and that Dougherty County maintained a laboratory with a toxicological analyzer used to test urine for the presence of certain illegal substances. Because appellant was charged with possession of cocaine with intent to distribute, see OCGA § 17-6-1 (a) (8), his name was printed on a list of arrestees from whom urine samples were to be requested. Lieutenant Jimmy Sexton of the Dougherty County Police Department testified that as the supervisor of the lab, he followed normal procedure on February 27, 1991, the day after appellant's arrest, and asked appellant and the other inmates on the list to submit to the testing of their urine. Although the evidence was strongly conflicting, the finder of fact was authorized to believe Sexton's testimony that he informed appellant prior to obtaining appellant's consent and collecting the urine that the purpose of the test was for determining bond and that the amount of bond would be set higher if a person refused to take the test or if the person failed the test (i.e., if illegal substances were discovered in the urine). It is uncontroverted that appellant was not informed by Sexton or anyone that the test results would be used for any purpose other than as a consideration for setting bond. Appellant, who was not represented by counsel at the time or informed of his constitutional rights, consented to provide Sexton with a sample of his urine, which, when tested, proved positive for cocaine. Appellant's bail was set higher as a consequence of the local test results on his urine sample, and based on state crime lab tests subsequently conducted on the same urine sample, appellant was then charged with possession of cocaine. Upon entry of judgment on the guilty verdict on that charge, appellant was sentenced to 15 years, 10 to serve.

The trial court denied appellant's motion to suppress, his objections at trial, and his motion for directed verdict all made on the basis that appellant's constitutional rights had been violated by the manner in which the State obtained the evidence to support the possession of cocaine charge. We agree with appellant that the trial

court's rulings were wrong, and we reverse his conviction for possession of cocaine.

Pretermitting the grave questions raised regarding the authority of the Dougherty County Superior Court to condition the amount of bond on an arrestee's "consent" to submit to what our courts have held to be a search and seizure, see *City of East Point v. Smith,* 258 Ga. 111, 112 (1) n. 2 (365 SE2d 432) (1988), we find that the evidence regarding the urine sample should have been suppressed because it was obtained in violation of appellant's Fourth Amendment rights. " 'Where the state seeks to justify a warrantless search on grounds of consent, it "has the burden of proving that the consent was, in fact, freely and voluntarily given." [Cit.] . . . The voluntariness of a consent to search is determined by looking to the "totality of the circumstances," [cit.], including such factors as the age of the accused, . . . the length of detention, whether the accused was advised of his constitutional rights, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling. [Cit.]' [Cit.]" *Allen v. State,* 200 Ga. App. 326, 327 (1) (408 SE2d 127) (1991). A consent to search must be the product of an essentially free and unrestrained choice by its maker. *Allen v. State,* 191 Ga. App. 623, 624 (1) (382 SE2d 690) (1989).

Under the totality of the circumstances presented in this case, see generally *Bruce v. State,* 191 Ga. App. 580, 581 (2) (382 SE2d 367) (1989), we agree with appellant that the consent he gave Sexton was not voluntary. His consent was premised on the incomplete and thus deceptively misleading information he received from Sexton that the test results would be used only "for determining bond." Had appellant been cautioned that the results of the search and seizure of his urine would be used to supply evidence against him in an independent criminal prosecution, no consent might have been given. Compare *United States v. Watson,* 423 U. S. 411, 424-425 (96 SC 820, 46 LE2d 598) (1976). Because appellant was not apprised that he was consenting to provide the State with its sole evidence against him supporting a charge of possession of cocaine, but was instead led to believe that he was only consenting to provide the superior court with information for bond purposes, appellant's consent cannot be considered to be "the product of an essentially free and unrestrained choice," *Allen,* 191 Ga. App. at 624 (1), and accordingly, his consent was not voluntary.

Nothing in *Green v. State,* 194 Ga. App. 343-344 (2) (390 SE2d 285) (1990) supports the trial court's rulings in the case sub judice. In *Green,* the defendant was required to produce a urine sample "pursuant to the terms and conditions of his probation," id. at 343, and the test results thereon were then used as evidence against the defendant in a charge for possession of cocaine as well as for probation revoca-

tion purposes. Because the defendant was required to produce the urine sample under the terms of his probation and the request for urinalysis arose out of his probationary status, there was thus no question of consent in *Green* and its holding is inapplicable here.

The United States Supreme Court has declared that the courts of this country shall adhere to the rule that " 'constitutional provisions for the security of person and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon.' " *Schneckloth v. Bustamonte*, 412 U. S. 218, 228-229 (93 SC 2041, 36 LE2d 854) (1973). That duty applies not only to this court but also to the Dougherty County Superior Court. We cannot condone a practice which misleads an accused into waiving his constitutional rights and providing the State with incriminating evidence for an independent criminal prosecution under the guise of following a policy promulgated by a superior court for the allegedly innocuous purpose of setting bond. The trial court erred by denying appellant's motion to suppress.

2. We have reviewed the transcript and find sufficient evidence was adduced to enable a reasonable trier of fact to find beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) that appellant was guilty of misdemeanor possession of marijuana as charged. See *McKinney v. State,* 192 Ga. App. 6-7 (1) (383 SE2d 608) (1989).

3. Appellant contends his conviction for misdemeanor possession of marijuana must be reversed because the trial court erroneously admitted evidence of similar transactions. The record reveals that appellant did preserve below his objection to the lack of similarity between the charged crimes and appellant's two prior convictions, both for direct sale of cocaine. Compare *Hunter v. State,* 202 Ga. App. 195, 197-198 (3) (413 SE2d 526) (1991). The transcript reveals that the State did not present any evidence to the jury to establish the similarity or connection between the earlier convictions and the charged crimes, but instead merely introduced certified copies of the guilty pleas. We have held this procedure to be reversible error. *Little v. State*, 202 Ga. App. 7, 8 (1) (413 SE2d 496) (1991). Although the State argues that the prior convictions were introduced solely as evidence of intent relevant only to the charge of possession of cocaine with intent to distribute, nothing in the court's instructions to the jury limited their consideration of the similar crimes evidence to that one particular charge. Thus, we cannot agree with the State that the erroneous admission of this evidence was rendered harmless simply because the jury did not return a guilty verdict on the intent to dis-

tribute cocaine charge.

"[E]vidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion." *Williams v. State*, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991). Even though there was sufficient evidence to convict appellant on the misdemeanor marijuana possession charge, see Division 3, supra, given that the State's evidence rested solely on the credibility of Officer Miller, whose testimony that appellant was holding the plastic bag was controverted by appellant, we cannot conclude it was highly probable that the admission of appellant's prior convictions for drug offenses did not influence the jury's verdict on the misdemeanor charge. See generally *Estes v. State*, 165 Ga. App. 453, 455-456 (301 SE2d 504) (1983). Therefore, we cannot find that the admission of the evidence was harmless, and accordingly we must reverse appellant's conviction for misdemeanor possession of marijuana. See generally id.

4. Our holding in Division 3 renders it unnecessary for us to address appellant's remaining enumeration concerning the denial of his motion for severance.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 8, 1992.

*Langley & Lee, Donald W. Lee,* for appellant.
*Britt R. Priddy, District Attorney,* for appellee.