A97A1297. THE STATE v. JEWELL.
(492 SE2d 706)

MCMURRAY, Presiding Judge.

Defendant Jewell is charged with a violation of the Georgia Controlled Substances Act (possession of cocaine); driving while the alcohol concentration in his blood was more than .10 grams; two counts of driving under the influence; driving without proof of insurance; weaving over roadway (OCGA § 40-6-48 (1)); and driving while license suspended. When stopped on December 24, 1995, defendant was read the implied consent warning found in OCGA § 40-5-67.1 (b) (2) and defendant submitted to a blood test which was positive for benzoylecgonine, a metabolite of cocaine. Defendant filed a motion to suppress the test results with regard to the charge of possession of cocaine on the theory that the use of this information to support the possession charge was beyond the scope of the consent he had given. Defendant's motion to suppress evidence was granted and the State

appeals. *Held*:

We affirm. The scope of the consent granted by a defendant to a test to determine alcohol or drug content of blood, as well as the legislative intent embodied in the implied consent statutes, may be derived from the wording of the implied consent warning read to a defendant. See in this regard *State v. Gerace*, 210 Ga. App. 874 (1) (437 SE2d 862), where a defendant was read the then current implied consent warning asking him to submit to a blood test "for purposes of determining alcohol or drug content" and was held to have not consented to use of the blood sample for a deoxyribonucleic acid (DNA) test.

Since the decision in *Gerace*, the implied consent warning has been amended so that defendant Jewell was requested to submit to a test "for the purpose of determining if you are under the influence of alcohol or drugs." OCGA § 40-5-67.1 (b) (2). Such representations concerning the nature of the test to be performed or the use to which the test results will be applied are binding upon the State. The decision in *Gerace* rests upon *Beasley v. State*, 204 Ga. App. 214, 216-217 (1) (419 SE2d 92), in which a person was charged with possession of cocaine after testing of urine given pursuant to a consent for the purpose of determining bond. "This court held that consent for one purpose does not mean consent for ANY purpose, and therefore the consent was not the product of an essentially free and unrestrained choice." *State v. Gerace*, 210 Ga. App. 874, 875 (2), supra. This reasoning also governs the case sub judice. The trial court did not err in granting defendant Jewell's motion to suppress.

A number of cases cited by the State do not involve a consent premised on the incomplete and thus deceptively misleading information such as received by defendant Jewell, as well as by the defendants in *Gerace* and *Beasley*. In *Green v. State*, 260 Ga. 625, 626 (2), 627 (398 SE2d 360), a defendant was charged with possession of cocaine after providing a urine sample, which tested positive for cocaine metabolites, pursuant to a condition of probation which required that a urine sample be provided to law enforcement officers upon request. The holding in *Green* is addressed to that defendant's contention that use of the urine sample against him violated his state constitutional right against self-incrimination and does not involve any issue related to the voluntariness of consent for the taking of the urine sample.

The defendant in *Gadson v. State*, 223 Ga. App. 342, 345 (4) (477 SE2d 598) signed a broadly worded consent to the taking of a sample of blood after his arrest for assaulting a woman. He later claimed that officers should have explained to him that his blood could be used against him in prosecutions involving other victims of which there were three. This Court rejected this argument, distinguishing

*Beasley* on the basis of the limited consent therein and rejecting an argument that *Beasley* required an officer to explain all charges which could result from a search in order for the search to be the product of free and voluntary consent. While the *Gadson* decision referenced a number of consensual statement cases as supporting authority, it may also be distinguished from *Beasley* and from the case sub judice by reference to the breadth of the consent granted by that defendant, a consent which was totally inclusive and in no respect misleading.

Also inapposite on the facts is *Jackson v. State*, 208 Ga. App. 391, 392 (2) (430 SE2d 781), where the defendant complained that blood test results from her stillborn fetus revealing metabolite of cocaine should have been suppressed. This Court held that no search warrant or consent was required from that defendant for the medical examiner to conduct a blood test on the fetus due to the absence of a privacy claim of constitutional dimensions and also due to the compelling interest of the State in investigating the death of the fetus in light of the defendant's report that she had been severely beaten prior to the stillbirth.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED OCTOBER 2, 1997 —
RECONSIDERATION DENIED OCTOBER 16, 1997 — 

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.
*Kathleen J. Anderson*, for appellee.

