A97A2469. THE STATE v. FRAZIER.
(494 SE2d 36)

ELDRIDGE, Judge.

The state appeals an order from the Superior Court of Barrow County wherein the trial court suppressed the results of William Scott Frazier's urine test for purposes of a prosecution for possession of cocaine; the trial court found that the implied consent warnings read to Frazier prior to providing the state with a urine sample did not adequately inform Frazier that such consent would include "any purposes other than the stated purpose of prosecution for driving under the influence." This issue is controlled adversely to the state by our decisions in *State v. Gerace*, 210 Ga. App. 874 (437 SE2d 862) (1993), and *Beasley v. State*, 204 Ga. App. 214 (1) (419 SE2d 92) (1992). Accordingly, we affirm the trial court's ruling.

Frazier was stopped for driving under the influence; he was read the implied consent warnings verbatim from the statute, OCGA § 40-5-67.1 (b). The arresting officer then asked Frazier to take a urine test, and he complied. The urine sample tested positive for cocaine, and Frazier was subsequently charged with DUI and violating the Georgia Controlled Substances Act: possession of cocaine.

OCGA § 40-5-67.1 (b) (2) states in pertinent part: "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances *for the purpose of determining if you are under the influence of alcohol or drugs.*" (Emphasis supplied.) OCGA § 40-5-67.1 is in derogation of common law and must be strictly construed. *Steed v. City of Atlanta*, 172 Ga.

App. 839, 840 (325 SE2d 165) (1984). Clearly, the purpose for such test is related to a prosecution for operating a motor vehicle *under the influence* of drugs, a misdemeanor offense; the implied consent warnings did not inform Frazier that an additional purpose would be for the prosecution of *possession* of drugs, a felony offense that is totally unrelated to a traffic stop for which the implied consent warnings were developed.[1]

The state maintains that Frazier was told that his blood would be tested for alcohol and drugs, which was done; thus, Frazier was not misled and his consent was voluntary. However, the state's argument ignores the fact that while Frazier was told his blood would be tested for alcohol and drugs, he was also told that the test was being given *for the purpose of determining whether he was under the influence* for a traffic offense. Any other purpose would exceed the scope of the consent given.[2]

"A consent to search must be the product of an essentially free and unrestrained choice by its maker. Under the totality of the circumstances presented in this case, we agree with [Frazier] that the consent he gave the police was not voluntary. His consent was premised on the incomplete and thus deceptively misleading information he received that the test results would be used only for determining [whether Frazier was under the influence of drugs]. Had [Frazier] been cautioned that the results of the search and seizure of his [urine] would be used to supply evidence against him in an independent criminal prosecution [for possession of drugs], no consent might have been given." (Punctuation omitted.) *Gerace*, supra at 875-876 (2); *Beasley*, supra at 216. Because Frazier was not apprised that he was consenting to provide the state with its sole evidence against him supporting a charge of possession of cocaine, but was instead led to believe that he was consenting only to provide information for determining if he was under the influence, Frazier's consent cannot be considered to be the product of an " 'essentially free and unrestrained choice.' " *Gerace*, supra at 875. The trial court's ruling was correct.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

---

[1] Nor would such warnings relate to misdemeanor *possession* of marijuana.

[2] Our decision in *Green v. State*, 194 Ga. App. 343 (390 SE2d 285) (1990), upon which the state relies is inapplicable. In *Green*, a urine sample was obtained pursuant to a *requirement* for chemical testing as a part of the terms and conditions of the defendant's probation. The results of the required urinalysis supported an independent criminal charge of possession of cocaine. The issue of the voluntary nature and scope of the "consent" to chemical testing obviously was not an issue.

DECIDED OCTOBER 30, 1997 —
RECONSIDERATION DENIED NOVEMBER 13, 1997 —

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.

*William D. Healan III*, for appellee.