A97A2458. THE STATE v. BURTON.
(498 SE2d 121)

POPE, Presiding Judge.

Defendant Deborah Burton was stopped on November 16, 1995, after she was observed weaving. After being informed of her implied consent rights pursuant to OCGA § 40-5-67.1 (b), defendant consented to having her blood and urine tested for alcohol and drugs. Defendant's blood tested positive for cocaine, and defendant was charged with DUI, driving without a license, weaving, and possession of cocaine.

Defendant filed a motion to suppress the evidence of cocaine in her blood, arguing that she consented to have her blood tested only for the purpose of determining whether she was driving under the influence, and that using the results of the test to charge her with possession of cocaine exceeded the scope of the consent given. The

trial court agreed and granted the motion to suppress. The State appeals.

We recently decided this issue adversely to the State. In *State v. Frazier*, 229 Ga. App. 344 (494 SE2d 36) (1997) and *State v. Jewell*, 228 Ga. App. 825 (492 SE2d 706) (1997), we held that the results of blood or urine testing of a driver who was tested for drugs or alcohol after being informed of his implied consent rights under OCGA § 40-5-67.1 (b) could only be used as a basis for driving-related criminal charges, finding that "[a]ny other purpose would exceed the scope of the consent given." *State v. Frazier*, 229 Ga. App. at 345.

Under our statutory scheme, the holder of a Georgia driver's license who is reasonably believed to be driving under the influence must submit to blood or urine testing to determine whether he is under the influence. But that driver does have a choice — he can refuse the testing, a decision that will result in the automatic suspension of his Georgia driver's license, or in the case of an out-of-state license holder, the suspension of his right to drive on Georgia highways, for a minimum period of one year. OCGA § 40-5-67.1 (b) (2). And although the choice may not involve attractive alternatives, it is a choice that can only be free, voluntary and unrestrained if the full consequences are known. Common sense and reason dictate that a driver, who is informed that he is being tested "for the purpose of determining if you are under the influence of alcohol or drugs," id., and who is further informed that he will lose his driving privileges if he does not consent to be tested, will reasonably believe, unless informed otherwise, that he is being tested only to determine whether he has committed a driving-related offense. And common sense and reason also dictate that a driver who believes that he is being tested only to determine whether he is guilty of the misdemeanor offense of driving under the influence may make a different choice from one who knows he may also be charged with a felony offense arising from violating the Georgia Controlled Substances Act. The trial court's order suppressing the evidence of cocaine insofar as it relates to the possession of cocaine charge is affirmed.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 24, 1998.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.

*Kathleen J. Anderson*, for appellee.