## A98A0941. THE STATE v. LONG.
### (502 SE2d 298)

JOHNSON, Judge.

George T. Long was indicted for homicide by vehicle in the second degree, improper stopping, involuntary manslaughter, reckless conduct, possession of cocaine, and driving under the influence of drugs. Pursuant to OCGA § 5-7-1 (a) (4), the State appeals the trial court's order granting Long's motion to suppress the result of a blood test as to the possession of cocaine charge.

This incident arose from a collision involving three vehicles. Long was driving a trash truck northbound when a wooden block fell off it onto the road. He stopped the truck to retrieve the block. The truck was stopped just beyond a hill crest and blocked about half of the northbound lane. An ambulance struck the rear of the trash truck, slid into the southbound lane and collided with an approaching automobile. The driver of the automobile died from injuries received in the collision.

Long was indicted and brought to trial. The trial court granted his motion to sever the driving under the influence of drugs and possession of cocaine charges from the vehicular homicide and improper stopping charges. During a jury trial on the vehicular homicide and improper stopping charges, the trial court granted Long's motion for a directed verdict of not guilty. Prior to being tried on the remaining charges of cocaine possession and driving under the influence of drugs, Long filed a motion to suppress his blood and urine test results as to the cocaine possession charge. Long argued that he consented to blood testing only to determine whether he was driving under the influence of alcohol or drugs, and that use of the test results to prove his possession of cocaine was beyond the scope of his voluntary consent. The trial court found that the police requested Long to submit to a chemical test of his blood, under the provisions of OCGA § 40-5-67.1, to determine whether he was under the influence of alcohol or drugs, and granted Long's suppression motion.

In reviewing a trial court's ruling on a suppression motion, evidence is construed most favorably to uphold the findings and judgment. *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993). When consent to search is in issue, the State has the burden of proving the

consent was freely and voluntarily given. *Garcia v. State*, 195 Ga. App. 635, 636 (1) (394 SE2d 542) (1990). The validity of a consent to search is determined from all the circumstances. Id. at 637 (1). A police officer cannot arbitrarily expand the scope of the consent to search. See *State v. Diaz*, 191 Ga. App. 830, 832 (2) (383 SE2d 195) (1989). A consensual search is invalid when it exceeds the scope of the consent. *Amato v. State*, 193 Ga. App. 459, 460 (388 SE2d 54) (1989).

The relevant facts are not in dispute. Both at the scene of the accident and at the hospital, police officers read Long the "implied consent warning" as prescribed by OCGA § 40-5-67.1 (b), directly from implied consent cards. Long was told that he was required by Georgia law to submit to chemical tests "for the purpose of determining if you are under the influence of alcohol or drugs." The warnings placed Long on notice of the administrative action which could result if he refused the test and that his refusal could be offered in evidence at trial. However, the warning did not inform him that the evidence could be used against him for purposes other than determining if he was "under the influence of alcohol or drugs."

In *State v. Jewell*, 228 Ga. App. 825 (492 SE2d 706) (1997), the defendant was read the implied consent warning and submitted to a blood test. When his blood sample tested positive for cocaine metabolite, the defendant was charged with possession of cocaine. He filed a motion to suppress contending that use of the test result to support prosecution of the possession charge was beyond the scope of his consent. The trial court granted the motion, and the State appealed. In affirming the trial court's judgment this Court held: "[T]he implied consent warning has been amended so that defendant . . . was requested to submit to a test 'for the purpose of determining if you are under the influence of alcohol or drugs.' Such representations concerning the nature of the test to be performed or the use to which the test results will be applied are binding upon the State. The decision in [*State v. Gerace*, 210 Ga. App. 874 (1) (437 SE2d 862) (1993)] rests upon *Beasley v. State*, 204 Ga. App. 214, 216-217 (1) (419 SE2d 92) [(1992)], in which a person was charged with possession of cocaine after testing of urine given pursuant to a consent for the purpose of determining bond. 'This court held that consent for one purpose does not mean consent for ANY purpose, and therefore the consent was not the product of an essentially free and unrestrained choice.' This reasoning also governs the case sub judice. The trial court did not err in granting [defendant's] motion to suppress." (Citations omitted.) *Jewell*, supra at 826; accord *State v. Burton*, 230 Ga. App. 753 (498 SE2d 121) (1998). We find *Burton* and *Jewell* to be controlling and affirm. Compare *State v. Frazier*, 229 Ga. App. 344, 345 (494 SE2d 36) (1997) (State failed to carry its burden of proving consent was the product of defendant's essentially free and unrestrained

choice).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 4, 1998.

*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellant.
*James C. Wyatt*, for appellee.