## A98A1290. THE STATE v. LEWIS.
(504 SE2d 242)

ANDREWS, Chief Judge.

Rachel Yvonne Lewis was charged with driving a vehicle under the influence of marijuana (OCGA § 40-6-391 (a) (6)), driving a vehicle under the influence of drugs to the extent that she was a less safe driver (OCGA § 40-6-391 (a) (2)), possession of less than one ounce of marijuana, and following too closely. In response to Lewis' motion to suppress, the trial court entered a pretrial order suppressing evidence of any drug or substance other than alcohol discovered in tests performed on Lewis' blood and urine. The State appeals from the suppression order pursuant to OCGA § 5-7-1 (a) (4).

After the vehicle Lewis was driving struck the rear of a school bus, a Georgia State Patrol officer investigating at the scene of the accident observed that Lewis had dilated pupils, appeared glassy-eyed, and exhibited a slow pattern of speech. Based on these observations, the record shows that the officer concluded he had reasonable grounds to believe that Lewis had been driving her vehicle in violation of OCGA § 40-6-391, placed Lewis under arrest, and read her the implied consent notice. OCGA §§ 40-5-55; 40-5-67.1; 40-6-392. Pursuant to the implied consent notice, Lewis consented to State-administered tests of her blood and urine for the purpose of determining the presence of alcohol or drugs. Thereafter, the officer transported Lewis to a local hospital, Barrow Medical Center, where blood was withdrawn from her and she gave a urine sample. It is undis-

puted that Lewis' blood and urine tested positive for marijuana in tests performed by the State Crime Lab.

When the officer and Lewis arrived at Barrow Medical Center to obtain the blood and urine samples, the hospital required that Lewis and the officer sign a form entitled "Request For Alcohol Testing." The portion of the form signed by Lewis stated that: "I, the undersigned, hereby request that (name of person drawing sample), an employee of the Barrow Medical Center, collect a blood sample from me for the purpose of alcohol testing. I understand fully that I am not required to submit this sample against my wishes, and I hereby authorize the Barrow Medical Center to mail the sample or give the sample to the officer to be transported to the State Crime Laboratory for determination of its alcohol content and further agree not to hold (name of person drawing sample) or any employee or agent of said hospital liable for such disclosure or any results thereof. I hereby certify that I have read and fully understand the above consent, and am aware that the results of this test may subsequently be used as legal evidence." The portion of the form signed by the officer was subtitled "Statement of Officer" and stated that: "I, the undersigned officer, hereby state that Rachel Yvonne Lewis in my custody is being delivered to the Barrow Medical Center for a blood test in accordance with the Georgia Code. I have fully explained the Georgia Code to the offender."

In entering the order suppressing evidence of any drug or substance other than alcohol discovered in the blood and urine tests, the trial court found that Lewis was required to sign the above hospital consent form which was also signed by the officer, and that the form referred only to testing for alcohol, not drugs. The trial court further found that, despite the implied consent notice given to Lewis, the hospital form caused her to reasonably believe that she was consenting only to a test of her blood and urine for alcohol. The trial court concluded that any consent given by Lewis to a blood and urine test for drugs was not free and voluntary and therefore such testing constituted an unreasonable search and seizure in violation of Lewis' rights under the United States and Georgia Constitutions. The trial court also suppressed use of the blood and urine test results as evidence that Lewis was in possession of less than one ounce of marijuana on the basis that use of the evidence for this purpose was beyond the scope of the consent Lewis gave pursuant to the implied consent notice.

1. As to the charges for driving a vehicle under the influence of marijuana (OCGA § 40-6-391 (a) (6)), driving a vehicle under the influence of drugs to the extent that she was a less safe driver (OCGA § 40-6-391 (a) (2)), and following too closely, the trial court erred by suppressing evidence that Lewis' blood and urine tested pos-

itive for marijuana or drugs other than alcohol.

The trial court reasoned that Lewis did not give free and voluntary consent to testing for drugs, and that the test results should be suppressed, because the document which the hospital prepared and required Lewis and the officer to sign before taking the blood and urine samples led Lewis to believe that she was consenting to testing only for alcohol and not drugs. Whatever the form prepared by the hospital may have said or led Lewis to believe, it had no bearing on the State's right to test Lewis' blood and urine for alcohol or drugs pursuant to the consent she gave after receiving the required implied consent notice. OCGA §§ 40-5-55; 40-5-67.1 (b); 40-6-392; *Odom v. State*, 185 Ga. App. 496 (364 SE2d 626) (1988). As the operator of a motor vehicle under arrest for an offense arising out of acts alleged to have been committed in violation of OCGA § 40-6-391, and on reasonable grounds for the officer to believe that she was driving her vehicle in violation of § 40-6-391, Lewis was deemed under the implied consent provisions of OCGA § 40-5-55 to have given consent to tests of her blood, breath, urine, or other bodily substances "for the purpose of determining the presence of alcohol or any other drug," subject to her right to refuse the tests. *Allen v. State*, 254 Ga. 433, 434 (330 SE2d 588) (1985); *Fantasia v. State*, 268 Ga. 512, 513 (491 SE2d 318) (1997). As long as the State complied with the statutory implied consent requirements, Lewis cannot complain that testing done by the State for the presence of alcohol and drugs violated her rights under the Georgia Constitution or the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures. *State v. Johnston*, 249 Ga. 413, 414, n. 1 (291 SE2d 543) (1982). Only action taken by the State inconsistent with implied consent requirements could have given Lewis a basis to complain that the testing constituted an unreasonable search and seizure by the State. Id. Nothing on the form prepared by the hospital, including the statement signed by the officer, could be construed as action taken by the State in violation of the statutory requirements of implied consent. Accordingly, the trial court erred by suppressing the test results.

2. The trial court correctly found that evidence showing Lewis' blood and urine tested positive for marijuana cannot be used to prove the charge that she was in possession of less than one ounce of marijuana.

The implied consent law pursuant to which Lewis gave consent to the testing was contingent upon her arrest for an offense arising out of acts alleged to have been committed in violation of OCGA § 40-6-391 and reasonable grounds for the officer to believe that she was driving her vehicle in violation of § 40-6-391. OCGA § 40-5-55; *Johnston*, 249 Ga. at 414, n. 1. The implied consent notice given to Lewis

states in part that: "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial." OCGA § 40-5-67.1 (b). Section 40-6-392, which sets forth mandatory requirements for the admission of tests obtained pursuant to implied consent, further provides in part that: "Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391, evidence of the amount of alcohol or drug in a person's blood, urine, breath, or other bodily substance at the alleged time, as determined by a chemical analysis of the person's blood, urine, breath, or other bodily substance shall be admissible."

These provisions make clear that Lewis' consent to the testing was given with the understanding that it was being done to determine if there was evidence that she was under the influence of alcohol or drugs for the purpose of proving that she drove her vehicle in violation of OCGA § 40-6-391. Consent given for one purpose does not authorize the State to use the test results for any purpose. *Beasley v. State*, 204 Ga. App. 214, 216-217 (419 SE2d 92) (1992). Since Lewis did not give free and voluntary consent for the State to test her blood and urine for the purpose of establishing evidence to support a criminal prosecution for possession of less than one ounce of marijuana, the trial court correctly suppressed use of the test results for this purpose. *State v. Jewell*, 228 Ga. App. 825 (492 SE2d 706) (1997); *State v. Gerace*, 210 Ga. App. 874 (437 SE2d 862) (1993).

*Judgment affirmed in part and reversed in part. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 1, 1998 —
RECONSIDERATION DENIED JULY 13, 1998 — 

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.
*William D. Healan III*, for appellee.