### S99A0453. TURPIN v. HELMECI.
(518 SE2d 887)

HINES, Justice.

On February 27, 1997, Helmeci was convicted of second degree vehicular homicide, driving with a controlled substance in his urine, reckless driving, driving an unsafe and improperly equipped vehicle, and possession of amphetamine and methamphetamine. See *Helmeci v. State*, 230 Ga. App. 866 (498 SE2d 326) (1998). He was sentenced to a twelve-year term for the drug possession charge, the first seven years to be served in confinement, with concurrent twelve-month sentences on the other charges. After his appeal, Helmeci filed a peti-

---

tion for habeas corpus, asserting that his trial counsel had been ineffective in failing to raise a meritorious objection to the State's use of the urine test result to prove him guilty of drug possession. The habeas court granted the petition, and the State appeals.[1]

The only evidence of Helmeci's possession of amphetamine and methamphetamine was the test result of his urine sample given in response to the implied consent warning. See OCGA §§ 40-5-55; 40-5-67.1; and 40-6-392. The habeas court relied on *Beasley v. State*, 204 Ga. App. 214 (419 SE2d 92) (1992) and *State v. Gerace*, 210 Ga. App. 874 (437 SE2d 862) (1993), for the proposition that the test results of a sample taken from a suspect may not be used for purposes for which the suspect was not advised and to which he did not consent. The habeas court held that these two cases supported a meritorious defense under the Fourth Amendment that Helmeci's consent allowed the State to use the sample only to prosecute the traffic offense of driving with a controlled substance in his urine, not for a possession charge, and that counsel was ineffective in not raising that issue.

The State argues that *State v. Jewell*, 228 Ga. App. 825 (492 SE2d 706) (1997), which was decided seven months after Helmeci's trial, was the first case to definitively hold that it is a Fourth Amendment violation to use the implied consent statute to obtain blood and urine samples to gather evidence for a drug possession violation, and it was therefore error for the habeas court to rule that counsel should have raised an argument that was not yet clearly meritorious.[2] However, *Jewell* is simply an outgrowth of *Beasley* and *Gerace*. In *Beasley*, the suspect's "consent was premised on the incomplete and thus deceptively misleading information he received from [the officer] that the test results would be used only 'for determining bond.' Had appellant been cautioned that the results of the search and seizure of his urine would be used to supply evidence against him in an independent criminal prosecution, no consent might have been given." *Beasley* at 216. In *Gerace*, a DUI suspect's blood sample was used to produce DNA evidence to convict Gerace of rape and aggravated sodomy. *Gerace* cited *Beasley* for the proposition that "[t]his court held that consent for one purpose does not mean consent for ANY purpose. . . ." (Emphasis in original.) *Gerace* at 875. These decisions clearly stated that evidence obtained by consent cannot be used for purposes beyond the scope of that consent. That principle was clear

---

[1] Trial counsel participated in the direct appeal and therefore Helmeci's raising ineffective assistance of counsel for the first time in the habeas court constitutes no bar or waiver of the issue. See *Turpin v. Lipham*, 270 Ga. 208, 210 (3) (510 SE2d 32) (1998).

[2] *Jewell* was decided October 2, 1997. Helmeci's trial occurred in February 1997; his appeal was pending at the time of the *Jewell* decision.

to the trial court in *Jewell*, which granted the motion to suppress, and was clear to the Court of Appeals in rendering *Jewell*. In fact, prior to *Jewell*, Helmeci wrote a letter to his trial counsel complaining about counsel's failure to make the argument, and specifically referred to the *Beasley* decision.

In order to prevail on a claim of ineffective assistance of counsel, Helmeci must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct" and that counsel's decisions were "made in the exercise of reasonable professional judgment." *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. Id. at 784.

However, reasonable professional judgment requires proper investigation. *Turpin v. Christenson*, 269 Ga. 226, 239 (12) (B) (497 SE2d 216) (1998). Here, counsel did not adequately research the law. See *Hawes v. State*, 240 Ga. 327, 329 (1) (240 SE2d 833) (1977). The right to reasonably effective counsel is violated when "the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy." (Punctuation omitted.) Id. Counsel admitted at the habeas hearing that he made errors in Helmeci's representation, that he fixated on an argument concerning the testing methods used and approval of those methods under the Administrative Procedure Act, and that he should have taken a wider view of the suppression question. He testified that he was aware of the precedent that stated that consenting to a sample for one purpose was not voluntary consent to use the sample for another purpose. There was no evidence that his decision not to pursue a Fourth Amendment challenge was an exercise of professional judgment, and counsel agreed that it was not. Consequently, the habeas court did not err in determining that counsel's performance was deficient.[3]

The State further argues that counsel's performance was not deficient because, even with counsel's awareness of precedent, *Beasley* and *Gerace* did not indicate that *Jewell* would be decided as it was. As noted above, *Gerace* specifically emphasized that consent for one purpose is not consent for any and all purposes. 210 Ga. App. at 875 (1). The implied consent warning Helmeci was read informed

---

[3] The State does not challenge the habeas court's conclusion that counsel's failure to raise the argument adversely affected Helmeci's defense.

him that a sample would be used "for the purpose of determining if [he was] *under the influence* of alcohol or drugs." (Emphasis supplied.) His consent based upon that language was not consent to search his urine for evidence of a possession charge, a fact which was made clear by precedent.

Contrary to the State's contention, the result in this case does not require trial counsel to predict what decisions will be issued in the future. Rather, it affirms that counsel must adequately research the law when choosing trial strategy.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 14, 1999.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellant.

*Virgil L. Brown & Associates, Bentley C. Adams III,* for appellee.