A06A1578. MEIKLEJOHN v. THE STATE.
(637 SE2d 117)

ADAMS, Judge.

Charles K. Meiklejohn was convicted of driving with a controlled substance in his blood in violation of OCGA § 40-6-391 (a) (6) and failure to maintain lane. He appeals, arguing that the trial court erred by denying his motion to suppress the results of his blood test.

As is pertinent to this appeal, the following evidence was submitted or stipulated at the suppression hearing and trial: Officer Kenneth Smith testified Meiklejohn was involved in an automobile accident on March 18, 2002. While speaking to Meiklejohn, he noticed an odor of alcoholic beverage about his breath. Meiklejohn told Smith he had consumed one beer. Smith also observed that Meiklejohn had slurred speech, his face was flushed, he looked sleepy, his eyes were bloodshot and watery, and he was staggering and having a hard time keeping his balance. Meiklejohn failed the field sobriety tests Smith requested he perform, and Smith placed him under arrest for "DUI alcohol" and read him Georgia's implied consent notice. Pertinently, that notice provides that "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the

influence of alcohol *or drugs*." After reading the implied consent notice, Smith requested that Meiklejohn take a breath test, and he agreed.

After arriving at the detention center, Smith learned the Intoxilyzer 5000 was inoperable so he reread Meiklejohn the implied consent notice, again advising him that the purpose of the state's test would be to determine if he was under the influence of alcohol or drugs, and asked him to submit to a blood test instead. Meiklejohn agreed and was taken to a local hospital where his blood was drawn to be sent to the Georgia Bureau of Investigation Crime Lab for testing. The sample came back negative for alcohol but positive for cocaine. It was stipulated that the officer did not specifically request that Meiklejohn's blood be tested for drugs, but that the crime lab had a policy of doing additional testing for drugs or other substances when a DUI sample indicates 0.08 or less concentration for alcohol.

Meiklejohn first argues that the results of his blood test should have been excluded because the arresting officer did not request that the crime lab test Meiklejohn's blood for drugs. In support of his argument, Meiklejohn points to the language in OCGA § 40-5-55, which provides that the "test or tests shall be administered at the request of a law enforcement officer. . . ." Relying on this language, Meiklejohn argues that the officer here did not request that his blood be tested for drugs as well as alcohol, and this failure rendered the test results inadmissible. We disagree. That sentence goes on to provide that testing shall be administered at the request of a law enforcement officer "having reasonable grounds to believe that the person has been driving or was in actual physical control of a moving motor vehicle upon the highways or elsewhere throughout this state in violation of Code Section 40-6-391." Thus, the import of that sentence is that the officer must have reasonable grounds to believe that the suspect has been driving under the influence before requesting that a chemical test be performed. There is nothing in that sentence that would exclude testing for drugs as well as alcohol as long as the suspect is properly advised, as was the situation here, pursuant to the implied consent notice that the tests were being administered for the purpose of determining whether he was under the influence of alcohol or drugs. Although OCGA § 40-5-55 goes on to provide that, subject to OCGA § 40-6-392, the officer must designate whether a breath, urine or blood test will be performed, that language means that the officer must advise the suspect of which test or tests he is requesting the suspect undergo. That was done here — the officer first requested Meiklejohn to submit to a breath test, and when that test could not be performed, he then requested that Meiklejohn submit to a blood test. The officer read the implied consent form to Meiklejohn before requesting each test, and advised him both times

that the purpose of the test was to determine if he was under the influence of alcohol or drugs.

Meiklejohn further argues that the officer advised him only that he was under arrest for driving under the influence of alcohol, and not for a violation of OCGA § 40-6-391 (a) (6), and that therefore he never consented to the testing of his blood for the presence of drugs. In a related enumeration, Meiklejohn argues that because the officer misled him, albeit unintentionally, into believing he was being arrested for driving under the influence of alcohol and not drugs, he was deprived of making an informed choice of his right to *refuse* testing. However, as stated above, the officer clearly advised Meiklejohn that the test was being conducted to determine if he was under the influence of alcohol or drugs. Nothing in OCGA § 40-5-55 or § 40-6-392 requires the officer to notify the defendant that he is accused of violating a specific provision of OCGA § 40-6-391 at the time of the arrest. Indeed, until the testing is performed, the state may not know the exact nature of the violation.

Moreover, we have previously held that suppression was not warranted although the defendant and the state signed a form at the hospital indicating that defendant's blood and urine were being tested only for the presence of alcohol, as long as the suspect was properly advised under the implied consent notice before giving her consent to testing. *State v. Lewis*, 233 Ga. App. 390, 391-392 (1) (504 SE2d 242) (1998). The tests indicated the presence of marijuana, and the defendant filed a motion to suppress those results. The trial court granted the motion to suppress, finding that the form defendant signed caused her to reasonably believe that she was consenting only to a test of her blood and urine for alcohol. This Court reversed, reasoning that

> [w]hatever the form prepared by the hospital may have said or led Lewis to believe, it had no bearing on the State's right to test Lewis' blood and urine for alcohol or drugs pursuant to the consent she gave after receiving the required implied consent notice. OCGA §§ 40-5-55; 40-5-67.1 (b); 40-6-392; *Odom v. State*, 185 Ga. App. 496 (364 SE2d 626) (1988). As the operator of a motor vehicle under arrest for an offense arising out of acts alleged to have been committed in violation of OCGA § 40-6-391, and on reasonable grounds for the officer to believe that she was driving her vehicle in violation of OCGA § 40-6-391, Lewis was deemed under the implied consent provisions of OCGA § 40-5-55 to have given consent to tests of her blood, breath, urine, or other bodily substances for the purpose of determining the presence of alcohol or any other drug, subject to her right to refuse the tests. As long as

the State complied with the statutory implied consent requirements, Lewis cannot complain that testing done by the State for the presence of alcohol and drugs violated her rights under the Georgia Constitution or the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

(Citations and punctuation omitted.) Id. at 392 (1).

The trial court did not err in denying Meiklejohn's motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 2, 2006.

*Whitmer & Law, George H. Law III,* for appellant.

*Larry A. Baldwin II, Solicitor-General, Francis J. Moran III, Assistant Solicitor-General,* for appellee.