**SECOND DIVISION**
**MARKLE, J.,**
**LAND and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 28, 2025

# In the Court of Appeals of Georgia

A24A1559. THE STATE v. JOHNSON.

DAVIS, Judge.

In this prosecution for homicide by a vehicle and related crimes, the State appeals from the trial court's order granting Shetabia Johnson's motion to suppress the results from a blood test for illicit drugs. The State argues that the trial court erred by concluding that the relevant search warrant only authorized the testing of Johnson's blood for alcohol and that any testing for other substances improperly exceeded the scope of the warrant. We conclude that the State's arguments are precluded by binding precedent, and we reject the State's arguments that our precedent was wrongfully decided. Accordingly, we affirm the trial court's order granting the motion to suppress.

The record shows that a grand jury indicted Johnson on one count of first-degree vehicular homicide (OCGA § 40-6-393 (a)), one count of second-degree vehicular homicide (OCGA § 40-6-393 (c)), one count of DUI less safe (OCGA § 40-6-391 (a) (2)), one count of failure to maintain lane (OCGA § 40-6-48), and one count of driving without a valid license (OCGA § 40-5-20 (a)). The counts all stemmed from allegations that, on December 23, 2018, Johnson crashed her vehicle into a utility pole while driving under the influence, causing the death of Crystal Leath, a passenger in Johnson's car.

During the proceedings, Johnson filed a motion to suppress (among other evidence) the results of a blood test that was taken soon after the crash which indicated the presence of marijuana in her system. Johnson alleged that the results of the blood test showing that she had consumed marijuana were not authorized by the terms of the search warrant, which only authorized the testing of her blood "to determine the [extent] to which Ms. Johnson had consumed alcohol." Following an extensive hearing, the trial court denied the motion to suppress the blood test results, concluding that Johnson lost all expectations of privacy in her blood once it had been lawfully drawn from her body, and the State could therefore conduct a warrantless

search to look for substances other than alcohol once the blood was lawfully in law enforcement custody.

The same day that the trial court issued its order, this Court rendered its decision in *State v. de la Paz*, 370 Ga. App. 853 (899 SE2d 447) (2024), in which this Court concluded that a warrant authorizing the drawing and testing of de la Paz's blood for alcohol did not also authorize the testing of that same blood for drugs. Johnson filed a motion for reconsideration based on *de la Paz*, and the trial court granted the motion after a hearing and suppressed the results of the blood test for non-alcoholic substances. The State now appeals.

In two related enumerations of error, the State argues that (1) the trial court erred by concluding that this case is controlled by *de la Paz*; and (2) to the extent *de la Paz* controls, it was wrongly decided and should be overturned. We are unpersuaded on both accounts.

> A search warrant may issue only upon facts sufficient to show probable cause that a crime is being committed or has been committed. The warrant shall particularly describe the things to be seized and the search must be limited to that matter described. Searches unsupported by independent probable cause that extend beyond the descriptions contained in the warrant are illegal. However, the particularity

requirement must be applied with a practical margin of flexibility, depending on the type of property to be seized, and a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit.

(Citations and punctuation omitted.) *de la Paz*, supra, 370 Ga. App. at 856 (1).

In *de la Paz*, this Court focused on the language of the search warrant as well as the supporting affidavit and application, and we concluded that it was apparent from that language that the warrant in that case was limited to searching de la Paz's blood for alcohol and did not allow for the testing of other substances. 370 Ga. App. at 857-858 (1) (a). In particular, we noted that (1) the affidavit specifically requested that the blood samples be placed in an alcohol toxicology kit; (2) the search warrant similarly specified that the blood samples would be placed in an alcohol toxicology kit; and (3) the only enumerated crime in the affidavit, application, and warrant was OCGA § 40-6-391 (a) (1), which specifically denotes the crime of driving under the influence of alcohol. Id. at 857 (1) (a). Given that the affidavit, application, and warrant all specifically referenced testing the blood for alcohol but contained no references to testing the blood for other substances, we concluded that the search warrant therefore was limited to testing de la Paz's blood for alcohol as the only item described with

particularity and did not authorize the search of the blood for other substances. Id. at 857-858 (1) (a).

Here, we conclude that this case is indistinguishable from *De La Paz*. The search warrant in this case was predicated on the lead investigating officer's observation of multiple signs that Johnson had consumed alcohol before the crash. The officer noted that Johnson had "a strong odor of alcoholic beverage on her person," and Johnson had admitted to the officer that she had consumed alcohol. The affidavit and application for a search warrant specifically noted that a blood draw was requested "for the purpose of testing to determine the [extent] to which Ms. Johnson had consumed alcohol," and it alleged that Johnson was suspected of committing the crime of driving under the influence of alcohol, less safe, as set out in OCGA § 40-6-391 (a) (1). The search warrant similarly noted that the blood test was obtained "for the purpose of testing to determine the [extent] to which Ms. Johnson had consumed alcohol," and it also specifically alleged that Johnson was suspected of committing the crime of driving under the influence of alcohol, less safe. Neither the affidavit and application nor the search warrant contained any reference or suggestion to any substance other than alcohol, nor was there any suggestion that Johnson was

suspected to be under the influence of any substance other than alcohol. Given that the warrant and the supporting document both specifically referenced testing the blood for alcohol but contained no references to testing the blood for other substances, we conclude that the search warrant therefore was limited to testing Johnson's blood for alcohol and did not authorize the search of the blood for other substances. *de la Paz*, supra, 370 Ga. App. at 857-858 (1) (a).

The State attempts to distinguish this case from *de la Paz* on the basis that Johnson has also been charged with vehicular homicide in addition to DUI, but we do not find this distinction meaningful. The holding of *de la Paz* was premised on the requirement that search warrants describe the things to be seized with particularity, and since the search warrant and the supporting documents only mentioned alcohol, and it was the only substance described with particularity, the search warrant was therefore necessarily limited to a blood test for alcohol. *de la Paz*, supra, 370 Ga. App. at 857 (1) (a). The same is true here, notwithstanding that driving under the influence of drugs could also be a predicate crime for vehicular homicide.

The State's arguments that *de la Paz* was wrongly decided are also not persuasive.[1] The State first argues that the holding of *de la Paz* is problematic for legitimate DUI investigations because of the inherent difficulty in determining the identity of substances under which a suspect may be under the influence before a forensic blood test is conducted, and the holding may require law enforcement to obtain multiple warrants. But as we specifically noted in *de la Paz*, "two warrants are not required when law enforcement wishes to test a DUI suspect's blood. One warrant will suffice, but that warrant's terms and limitations must be honored by law enforcement and will be enforced by the courts." 370 Ga. App. at 858 (1) (b).

The State further argues that the holding in *de la Paz* conflicts with our decision in *Meiklejohn v. State*, 281 Ga. App. 712 (637 SE2d 117) (2006), abrogated on other grounds by *Williams v. State*, 296 Ga. 817, 821 (771 SE2d 373) (2015), but we again disagree. Our decision in *Meiklejohn* was concerned solely with the implied consent laws and whether consent to test a suspect's blood for alcohol also provided consent to test for other substances. See id. at 713-714. *Meiklejohn* did not address the

[1]We note that the Supreme Court of Georgia denied a writ of certiorari in *de la Paz* on July 16, 2024. See Supreme Court of Georgia, Case No. S24C0839.

particularity requirement for a search warrant, nor did it focus on whether the language in a search warrant authorized a particular blood test.

Accordingly, we affirm the trial court's grant of Johnson's motion to suppress the blood test results for non-alcoholic substances.

*Judgment affirmed. Markle and Land, JJ., concur.*